JAMES ALSTON AND THE PULLMAN COMPANY v. SOUTHERN RAILWAY COMPANY.

(Filed 10 October, 1934.)

1. **Judgments K a: K b: Appeal and Error J c—Finding that attorney signing consent judgment was duly authorized held binding upon appeal.**

Where, upon a motion to set aside a judgment for surprise and excusable neglect, C. S., 600, on the ground that the judgment was a consent judgment and was signed by movant's attorney without authority, and a motion to set aside the consent judgment for such want of authority by movant's attorney, the court finds, upon evidence by affidavits, that the attorney was duly authorized to sign the judgment for movant, the finding is conclusive on the Supreme Court upon appeal, Art. IV, sec. 8, and the order refusing the motions will be upheld.

2. **Judgments K b—**

After appeal from an order of the clerk refusing to set aside a judgment for surprise and excusable neglect it is too late for movant to request the clerk to find the facts upon which he bases his order.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Schenck, J.,* at May Term, 1934, of BUNCOMBE. Affirmed.

This action was for actionable negligence alleging damage. James Alston was a Pullman Company porter and the gravamen of his action is that while in performance of his duties in the Pullman car, a freight train of the defendant company negligently ran into the Pullman car and injured him.

A judgment by consent was rendered in the action before the clerk of the Superior Court of Buncombe County, North Carolina, on 28 December, 1933: "The plaintiff, James Alston, have and recover of the defendant Southern Railway Company the sum of $150.00 and the cost of this action, to be taxed by the clerk."

The plaintiff, through another attorney, made a motion on 31 March, 1934, under C. S., 600, to set aside said judgment. There is no question made that the attorney who signed the consent judgment for James

Alston was not employed by him, but the contention was that he had no authority to do so. On 14 April, 1934, the clerk made the following order: "It appearing to the court, after reading the affidavits and hearing argument of counsel, that attorney for plaintiff had full authority to consent to the judgment heretofore entered, and that said judgment was entered into by consent of the plaintiff, and for that reason the plaintiff is not entitled to have the judgment set aside.

"It is therefore ordered and adjudged by the court that the motion of the plaintiff be and the same is hereby overruled; and

"It is further ordered that the judgment heretofore entered remain a binding judgment in this cause."

The plaintiff appealed from this judgment to the Superior Court, and the following judgment was rendered in the court below by Schenck, J., at May Term, 1934, of Buncombe Superior Court:

"This cause coming on to be heard before the undersigned judge presiding, upon appeal by plaintiff James Alston from an order of the clerk of this court denying the motion of the plaintiff to set aside the consent judgment entered by the clerk of this court on 28 December, 1933, and being heard, and it appearing to the court and the court finds the facts to be that:

"On and for some time prior to 28 December, 1933, Charles A. Mc-Crea, attorney of Asheville, N. C., was the legal and duly constituted attorney for the plaintiff, representing him in the above-entitled cause; that on 28 December, 1933, the clerk of this court entered a consent judgment in favor of the plaintiff James Alston and against the defendant Southern Railway Company in the sum of one hundred fifty dollars ($150.00) and costs, said consent judgment being signed by the said Charles A. McCrea, attorney for said plaintiff, and by Jones & Ward as attorneys for the defendant, and at said time the said Charles A. Mc-Crea had full authority from his client, the plaintiff James Alston, to compromise said cause for the sum of one hundred fifty dollars ($150.00) and costs, and to sign the consent judgment on behalf of the plaintiff; and that before signing said judgment the said Charles A. McCrea had discussed said settlement with the plaintiff, his client, the said James Alston, and the said James Alston had specifically authorized and directed the said Charles A. McCrea to settle said cause for said sum of one hundred fifty dollars ($150.00) and costs, and said judgment for that reason constitutes a consent judgment which is in all respects binding upon the plaintiff and the defendant.

"It is therefore ordered and adjudged by the court, that the order heretofore entered by the clerk of this court refusing the motion of the plaintiff to set aside the judgment is affirmed and approved; and

"It is further ordered that the motion of plaintiff to set said judgment aside be and the same is disallowed, and the judgment heretofore entered

for said sum of one hundred fifty dollars ($150.00) and costs, on 28 December, 1933, is adjudged to be a solemn and binding judgment of this court, and binding in all respects on both plaintiff and defendant."

The record disclosed an agreement for compensation for disability between James A. Alston and the Pullman Company, self-insurer approved by the North Carolina Industrial Commission. The following is in the record:

"RELEASE OF ALL CLAIMS.

"THE PULLMAN COMPANY.

"Whereas I, James A. Alston, of the city of Asheville, State of North Carolina, while employed by The Pullman Company as porter, Asheville, was injured in an accident on or about 8 March, 1931, at or near Powell (*City*), Tenn. (*State*), by sustaining lacerations of scalp, right third finger, right ankle, left leg, in rear-end collision of freight train and Southern Train No. 7, when thrown to floor.

"Now, therefore, in consideration of the sum of sixty-five 58/100 dollars ($65.58) to me in hand paid by The Pullman Company, I hereby release The Pullman Company and all other companies, partnerships and persons, including Southern Railway System, from and on account of all claims or causes of action that exist or may hereafter exist for damages for any and all personal injuries, including possible unknown injuries and other complications arising from such injuries or treatment thereof, for loss of services, for medical or other expenses, and for loss or damage to property, if any, growing out of or on account of said accident.

"The above amount is the full consideration for this settlement, and no promise or contract of employment, either present or future, has been made me.

"I have read the foregoing receipt and release and fully understand the same.

"Witness my hand and seal, this 11 May, A.D. 1931.

"Witness: W. W. PARKER.            JAMES A. ALSTON.    (Seal.)"

From the judgment rendered by Schenck, J., the plaintiff James Alston excepted, assigned error, and appealed to the Supreme Court.

*Welch Galloway and Paul J. Smith for plaintiff.*
*R. C. Kelly and Jones & Ward for defendant.*

CLARKSON, J. The plaintiff James Alston contends: (1) Said judgment of 28 December, 1933, should have been set aside because of mistake, surprise and excusable neglect, as provided for under C. S., 600.

(2) Said judgment of 28 December, 1933, should have been set aside because the attorney who was representing appellant at the time undertook to compromise the action of appellant and enter into a consent judgment and waive substantial rights of appellant without plaintiff's knowledge or consent, and without having any specific power or authority to do so.

From the record in this Court, we cannot sustain the contentions of the plaintiff. Article IV, section 8, of the Constitution of North Carolina is as follows: "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, upon any matter of law or legal inference. And the jurisdiction of said Court over 'issues of fact' and 'questions of fact' shall be the same exercised by it before the adoption of the Constitution of one thousand eight hundred and sixty-eight, and the Court shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts."

Evidence, by affidavits, was submitted on both sides of the controversy to both the clerk and on appeal to the Superior Court.

The clerk and the judge on appeal held against the contention of plaintiff James Alston that his attorney who signed the consent judgment did not have the authority. The law is well settled.

In *Lumber Company v. Cottingham,* 173 N. C., 323 (327), citing a wealth of authorities: "We are concluded by the judge's finding of facts, where there is some supporting evidence."

In *Bank v. Duke,* 187 N. C., 386 (390), it is written: "It is the duty of the court below to find the facts, and his finding is ordinarily conclusive. Upon the facts found, the conclusion of law only is reviewable." *Abbitt v. Gregory,* 195 N. C., 203 (209).

The request made by plaintiff James Alston for the clerk to find the material facts on which to base his order came too late. The order was signed by the clerk on 14 April, 1934, and appeal taken. The request was made before the clerk on 24 April, 1934. We think the material facts found by the court below sufficient to support the judgment appealed from.

We see no right that plaintiff James Alston has to have a jury pass on the facts from the record in this case. The court below having found the facts, and there was sufficient evidence to support same, this, on appeal, is binding on us.

For the reasons given, the judgment of the court below is

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.