E. L. OLIVER AND WIFE, MRS. BERTHA OLIVER, v. CHARLES K. HECHT AND WIFE, MRS. SADIE B. HECHT.

(Filed 12 December, 1934.)

**1. Trial D a—**

Upon a motion as of nonsuit, all the evidence favorable to plaintiff, whether offered, by plaintiff or elicited from defendant's witnesses, with every reasonable inference therefrom, is to be considered in the light most favorable to plaintiff. C. S., 567.

**2. Evidence F b—Introduction in evidence of warranty deed held to preclude other evidence of warranty against encumbrances.**

Plaintiff, grantee in a deed to land, brought suit against his grantor to recover the amount of street assessments against the property, plaintiff claiming that defendant had warranted and represented that no assessments existed against the property. The evidence tended to show that assessments against the property had been made but not confirmed at the time of the execution of the deed. Plaintiff introduced in evidence his deed containing the usual covenants of warranty and against encumbrances: *Held,* in the absence of fraud or mistake, the covenant in the

solemn instrument precluded plaintiff from introducing in evidence a letter written by defendant to plaintiff stating that the municipal authorities had assured defendant that there were no assessments against the property, and testimony of plaintiff of statements made by defendant at the time of the delivery of the deed that the property was not subject to street assessments, and that defendant would make good any assessments against the property. If the plaintiff wished to enlarge the covenant in the deed he should have sought reformation of the covenant and proven by clear, strong, and convincing evidence that the covenant as written was inserted by mutual mistake, or mistake induced by fraud.

**3. Deeds and Conveyances C f—Lien for street assessments attaching subsequent to execution of deed does not violate covenant against encumbrances.**

By provision of statute the lien for street assessments does not attach to land until confirmation of the assessments, C. S., 2713, and where such assessments are not confirmed by the governing body of the town until after the execution of a deed to the property, the subsequently attaching lien for the assessments does not violate the warranty and covenant in the deed, in the usual language, against encumbrances.

APPEAL by plaintiffs from *Stack, J.,* 30 April, at Regular Term, 1934. From MECKLENBURG. Affirmed.

This is an action brought by plaintiffs against defendants to recover $291.73, street assessment on a certain lot sold by defendants to plaintiffs. The material allegations of the complaint are as follows: "That on or about 20 August, 1930, the plaintiffs purchased from the defendants Lot No. 5, Block No. 2, of the Roslyn Heights Realty Company property in the county of Mecklenburg, State of North Carolina, and the defendants delivered to the plaintiffs their deed for the said property, a copy of which is hereto attached, marked Exhibit A, and made a part of this complaint and allegation.

"That at the time the said defendants sold the plaintiffs the said property they represented that there were no street assessments on the said property which were a lien on the property which the plaintiffs purchased.

"That after the plaintiffs had purchased the said property they discovered that the defendants had breached their contract, in that the defendants had sold to the plaintiffs the said property which was subject to a lien for street assessments in the sum of $291.73, which amount the plaintiffs are now required to pay.

"That the defendants gave to the plaintiffs a title letter, a copy of which is hereto attached, marked Exhibit B, and made a part of this complaint and allegation.

"That at the time the defendants gave to the plaintiffs the said title letter the defendants assured the plaintiffs that the property was not subject to any lien for street assessments, and the plaintiffs purchased

the said property upon this understanding and subject to the representation set forth in the title letter.

"That the plaintiffs did not discover until after they had made the purchase of the said property that the defendants had breached their said contract and sold them the land which was subject to a lien of $291.73, and interest.

"That by reason of the breach of contract on the part of the defendants, the plaintiffs have been damaged in the sum of $291.73, which is a lien against their property, and which assessment has been made against their said property, and which was a lien and assessment against the said property at the time of the sale by the defendants to the plaintiffs of the said property.

"That the plaintiffs have made demand upon the defendants to pay the said $291.73, and interest, and the defendants have failed to pay same."

In the deed, Exhibit A, is the following: "And the said party of the first part, for himself, his heirs, executors, and administrators, covenants with the said parties of the second part, their heirs and assigns, that he is seized of said premises in fee, and has right to convey the same in fee simple; that the same are free and clear from all encumbrances, and that he will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

In the letter marked Exhibit B is the following: "(3) While Rozelle Ferry Road in front of this property has recently been repaved and resurfaced, the engineering department of the city of Charlotte has assured us that there is no paving or sidewalk assessment against this property." The material allegations of the complaint of plaintiffs were denied by defendants, and a further answer and defense pleaded, not necessary to be considered on this appeal.

On the trial in the court below plaintiffs offered in evidence the deed from the defendants to the plaintiffs, which is set out in full as Exhibit A in the complaint referred to. Plaintiffs offered the title letter in evidence, from Redd and Small, which is set out in full as Exhibit B in the complaint. Plaintiffs offered in evidence Exhibit C, which is as follows: "City of Charlotte, North Carolina. Mr. E. L. Oliver and wife, 1711 Fountain View. Dear Sir: Pursuant to section 11 of chapter 56 of the Public Laws of 1915, notice is hereby given that the assessments of the whole or part of the costs of the following described streets, or parts thereof, improvements have been confirmed and deposited in the office of the supervisor of street assessments of the city of Charlotte. Character of improvements streets and sidewalks. 2112 Rozelle Ferry Road, Lima Ave., to old city limits, 50 ft. frontage, total amount, $291.73.

"On 5 October, 1931, the foregoing street assessments were confirmed and from that date you will have thirty days within which to pay said installments in full without interest; otherwise said assessments will be divided in ten equal annual installments with interest. K. E. Ward, Street Assessments Supervisor."

E. L. Oliver, plaintiff, testified: "My wife is Bertha L. Oliver. On 20 August, 1930, I received a deed from the defendants Charles K. Hecht and wife, the copy being marked Exhibit A, attached to the complaint. I had a conversation with Mr. Hecht at the time we made the trade and I got the deed. Before we made the trade the question came up about street assessments. The street had been paved for about a year and the sidewalk had been graded at the time, but the sidewalks had not been laid. I asked Mr. Hecht about the street assessments; he told me there would be none against the sidewalk, and I asked him if it came up later, then what about that, and he said there would be none against the sidewalk or the street, and if anything did come up, he would take care of it, make it good, and give me a clear title. He showed me a title letter. It is the title letter attached to the complaint, marked Plaintiffs' Exhibit B. In August, 1931, I received the notice marked Plaintiffs' Exhibit C. There has been no other street laid or pavement other than the one to which I refer at the time I bought the lot. I kept the title letter. I read paragraph 3. I knew the street had been repaved. I did not go to the street assessment office at the City Hall, nor the city clerk, nor the city engineer, nor make inquiry of a single individual, or the mayor, or anybody else as to whether or not there was any likelihood of any street assessment against the property, nor have the title examined before the purchase."

The defendants, through their counsel, admit that an assessment was made against the said lot in question for street and paving.

The judgment of the court below is as follows: "This cause coming on to be heard before the Hon. A. M. Stack, and a jury, at the 30 April Regular Term of Superior Court, and after all the evidence had been introduced, on motion of the defendants, the court being of the opinion that the action should be nonsuited: It is therefore ordered, adjudged, and decreed that the plaintiffs be and are hereby nonsuited, and the plaintiffs taxed with the costs of this action. This 9 May, 1934. A. M. Stack, Judge Presiding."

*John G. Newitt for plaintiffs.*
*John H. Small, Jr., for defendants.*

CLARKSON, J. At the close of plaintiff's evidence, defendants in the court below made a motion for judgment as in case of nonsuit, C. S., 567. The motion was allowed, and in this we can see no error.

The defendants, in their brief, say: "The testimony of E. L. Oliver with reference to an alleged contract with Charles K. Hecht was objected and excepted to, but those exceptions are not before the court in view of the judgment of nonsuit. The complaint did not allege any such contract, and if it had, the testimony would have been incompetent as parol evidence in contradiction of the written contract, the deed."

"It is the well-settled rule of practice and accepted position in this jurisdiction that, on a motion of nonsuit, the evidence which makes for the plaintiffs' claim and which tends to support the cause of action, whether offered by the plaintiffs or elicited from the defendants' witnesses, will be taken and considered in its most favorable light for the plaintiffs, and they are 'entitled to the benefit of every reasonable inference to be drawn therefrom.'"

Mindful of this rule, on the pleadings and evidence in this case, we think the nonsuit was properly granted. The covenants in the deed are as follows: "And the said party of the first part, for himself, his heirs, executors, and administrators, covenants with the said parties of the second part, their heirs and assigns, that he is seized of said premises in fee, and has right to convey the same in fee simple; that the same are free and clear from all encumbrances, and that he will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

We do not think the covenant in this solemn instrument, the deed, "that the same are free and clear from all encumbrances," can be so amended by the uncertain and vague allegations in the complaint and testimony of the plaintiff E. L. Oliver. In the beginning of his testimony he said: "On 20 August, 1930, I received a deed from the defendants Charles K. Hecht and wife, the copy being marked Exhibit A, attached to the complaint," etc. This deed, with the written covenants in it, was the gravamen of this action, and made a part of the complaint and allegations.

The plaintiffs did not, in the complaint, allege fraud or seek reformation of the part of the covenant that the land was free and clear from all encumbrances, by allegation of mutual mistake, or the mistake of one induced by the fraud of the other. *Winstead v. Mfg. Co., ante,* 110.

In *Crawford v. Willoughby,* 192 N. C., 269 (271-272), it is said: "If the deed or written instrument fails to express the true intention of the parties, it may be reformed by a judgment or decree of the court, to the end that it shall express such intent whether the failure is due to mutual mistake of the parties, *Maxwell v. Bank,* 175 N. C., 183, to the mistake of one and the fraud of the other party, *Potato Co. v. Jeanette,* 174 N. C., 236, or to the mistake of the draughtsman, *Pelletier v. Cooperage Co.,* 158 N. C., 405.

"The party asking for relief by reformation of a deed or written instrument must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties, to be incorporated in the deed or instrument as written, and second, that such stipulation was omitted from the deed or instrument as written by mistake, either of both parties or of one party, induced by the fraud of the other, or by the mistake of the draughtsman. Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument because of the mistake does not express the true intent of both parties. The mistake of one party to the deed or instrument alone, not induced by the fraud of the other, affords no ground for relief by reformation." It is said in *Oil and Grease Co. v. Averett,* 192 N. C., 465 (467-8) : "On the issue of fraud the burden is on the defendant to satisfy the jury of the fraud by the greater weight of the evidence, or a preponderance of the evidence. *McNair v. Finance Co.,* 191 N. C., 715. Not so where it is proposed to correct a mistake in a deed, or similar cause—the *quantum* of proof. The evidence must be clear, strong, and convincing. *Speas v. Bank,* 188 N. C., p. 528."

In *Ray v. Blackwell,* 94 N. C., 10 (12), it is said: "It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from, or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound, 1 Greenleaf Ev., sec. 76. *Etheridge v. Palin,* 72 N. C., 213."

We have frequently quoted the *Ray case, supra,* as it is a clear and concise expression of the law on the subject. The deed which includes the covenant is made a part of the complaint and allegations. We think that the other allegations in the pleadings and the evidence too uncertain and vague and contradictory of the covenant in the deed to constitute a cause of action. So the material question involved on this record is as follows: The defendants Charles K. Hecht and wife, the owners of a lot of land in the city of Charlotte, conveyed the same to the plaintiffs by deed dated 20 August, 1930, and containing usual covenants of warranty and against encumbrances. On 5 October, 1931, the city council of Charlotte confirmed an assessment for street and sidewalk improvements against this and other property. Does this assessment constitute a lien in violation of the covenants of the defendants in their deed? We think not.

We think this matter, on the present record, is settled in *Coble v. Dick,* 194 N. C., 732 (733), where it is there said: "C. S., 2713, in part, is as

follows: 'Whenever the governing body shall confirm an assessment for a local improvement, the clerk of the municipality shall enter on the minutes of the governing body the date, hour, and minute of such confirmation, and from the time of such confirmation the assessments embraced in the assessment roll shall be a lien on the real property against which the same are assessed, superior to all other liens and encumbrances.' . . . In *Hahn v. Fletcher,* 189 N. C., at p. 732, it is said: 'From the facts found, the covenant in plaintiff's deed was "against encumbrances." When the defendant delivered the deed to plaintiff, this covenant was broken with the street assessment—a lien or a statutory mortgage on the land. Plaintiff could have at once sued for the breach.' "

In the present case the deed from defendants to plaintiffs was made 20 August, 1930, and the street assessments were confirmed on 5 October, 1931. Under the statute the street assessment became a lien from the confirmation. Under the covenant in the deed, plaintiffs cannot recover, as the confirmation of the street assessment was on 5 October, 1931—some 13 months after the deed was made, executed, and delivered from defendants to plaintiffs.

In 72 A. L. R., p. 320, citing authorities, is the following: "A covenant of warranty and against encumbrances is not breached by a street-paving assessment against the property to which the covenant related, where, at the time of the making of the covenant, the assessment did not constitute a lien on the land, under a statute providing that the lien for paving does not attach until the assessment order or resolution is passed by the council and the amount fixed."

For the reasons given, the judgment of the court below is
Affirmed.