LANCE WILLIAMS v. H. S. McLEAN AND LESLIE BULLARD.

(Filed 10 December, 1941.)

1. **Trusts § 15—Party may not assert constructive trust when preliminary parol negotiations constituting basis of action are varied and merged in subsequent written agreement with which defendants comply.**

Plaintiff's evidence tended to show that he entered into a parol agreement with defendants under which they were to purchase, as his agent, a 158-acre tract of land for a stipulated sum, that in order not to disclose the purpose for which the land was bought, title was taken in the name of one of defendants, that defendants thereafter conveyed plaintiff 145 acres of the said tract at the agreed price but retained title to 13 acres thereof. Plaintiff sought to engraft a parol trust in his favor upon the 13 acres. It appeared of record that after title had been taken in the name of one of defendants, defendants gave plaintiff a written option to purchase at the agreed price 145 acres, with map attached accurately describing the 145 acres by metes and bounds, and that plaintiff, with full knowledge, of the facts, accepted the option, entered into possession and later accepted deed for the 145 acres and paid the balance of the purchase price. *Held:* The prior oral negotiations were merged in the written option, and plaintiff's acceptance of the option and deed precludes him from asserting a constructive trust against the 13 acres retained by defendants.

2. **Contracts § 12: Evidence § 39—**

Preliminary parol negotiations are varied by and merged in a subsequent written agreement between the parties, not only as a rule of evidence but also as a matter of substantive law.

3. **Money Received § 1—**

A party paying money with full knowledge of all the facts may not recover it.

APPEAL by plaintiff from *Thompson, J.,* at May Term, 1941, of ROBESON. Affirmed.

This was an action to establish a parol trust as to 13 acres of land, the legal title to which was held by defendant Bullard.

It was alleged that the plaintiff had constituted defendants his agents to purchase for him a tract of 158 acres of land at the price of $14,000; that it was agreed between the parties, for certain reasons, that one of defendants should take title to the land and then convey to plaintiff; that pursuant to this agreement defendant Bullard took title to the land in his own name, and later conveyed to the plaintiff only 145 acres for the full consideration, wrongfully retaining 13 acres. The plaintiff prayed that defendants be declared trustees for his benefit as to the 13 acres of land. The defendants, on the other hand, alleged that defendant Bullard purchased the land himself, and later gave plaintiff a written option to

purchase 145 acres, accurately described, for the price of $14,000; that plaintiff paid $2,000 for the option and some time later accepted deed for the 145 acres and paid the balance of the purchase price, with full knowledge of all the facts. Defendants alleged that the transaction was one of purchase and sale, freed from any circumstances sufficient to raise the implication of a trust.

At the conclusion of the plaintiff's evidence, motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*McKinnon & Seawell for plaintiff, appellant.*
*F. D. Hackett and McLean & Stacy for defendants, appellees.*

DEVIN, J. The plaintiff sought to establish a constructive trust in his favor as to 13 acres of land, based upon the theory that he had constituted the defendants his agents to purchase for him 158 acres of land at an agreed price, and that the defendants purchased the land, taking title in the name of one of them, but wrongfully withheld 13 acres of the land and only conveyed to him 145 acres for the stipulated price.

Without undertaking to discuss the applicability of the doctrine of parol trusts (*Lefkowitz v. Silver,* 182 N. C., 339, 109 S. E., 56; *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775), we think the plaintiff's case must fail for the reason that when the oral negotiations and agreements were reduced to writing the option described 145 acres of land as the subject of the contract, and with full knowledge of all the facts the plaintiff paid the purchase price and accepted deed for the 145 acres. There was no allegation of fraud or mistake. It was aptly said by *Justice Frankfurter* in the recent case of *City of Indianapolis v. Chase National Bank,* 86 Law. Ed. (Adv.), 27: "As is true of many problems in the law, the answer is to be found not in legal learning but in the realities of the record."

It appears from the evidence of the plaintiff that desiring to purchase a farm in Robeson County for the purpose of raising hogs, he entered into negotiations with the defendants, the defendant Bullard being a dealer in real estate and the defendant McLean a real estate broker. A tract containing 158 acres, at the price of $14,000, was selected, and it was agreed, in order to obviate possible objection on account of the purpose for which the land was to be used, that one of the defendants should purchase the land in his own name and reconvey to the plaintiff. Plaintiff agreed he would pay the purchase price regardless of the amount at which the defendants could buy the land. The defendants effected purchase of the land for $12,000 and title was taken in the name of defendant Bullard. A few days thereafter the defendants presented a written

option to the plaintiff's representative offering to convey 145 acres of the land for $14,000, with map attached accurately describing the 145 acres by metes and bounds. The land thus described extended from Lumber River on the south to the Wishart Road. North of the Wishart Road lay 13 acres of the land purchased by defendant Bullard and not included in the option or described on the map. The option was dated 18 May, 1941, and recited that upon payment of $2,000 plaintiff would be given until 15 June to pay the balance, $12,000, and obtain deed for the land shown on the map. Plaintiff accepted the option, paid the $2,000, and entered into possession of the land. On 15 June, 1940, deed for 145 acres was tendered to and accepted by the plaintiff, and the balance of $12,000 was paid in cash. Thereafter plaintiff instituted this action.

From the facts shown by the record it appears that, while oral negotiations between the parties relative to the purchase of the land extended over several days, when the written option was executed by defendants and accepted by plaintiff and the $2,000 paid therefor, the option covered only 145 acres of the land. The number of acres was definitely designated in the writing and described on an accompanying map.

Thus it seems the parties integrated their negotiations and agreements into the written memorial embodying an unequivocal offer to sell a certain number of acres of land on definite terms. This written designation of the terms of the contract was executed by the defendants and accepted by the plaintiff. It is established, not only as a rule of evidence, but also as one of substantive law, that matters resting in parol leading up to the execution of a written contract are considered merged in the written instrument. 2 Williston on Contracts, secs. 613-632. "All such agreements are considered as varied by and merged in the written contract." *Overall Co. v. Hollister Co.,* 186 N. C., 208, 119 S. E., 1; *Ray v. Blackwell,* 94 N. C., 10; *Carlton v. Oil Co.,* 206 N. C., 117, 172 S. E., 883; *Winstead v. Mfg. Co.,* 207 N. C., 114, 176 S. E., 292; 12 Am. Jur., 756. The writing is conclusive as to the terms of the bargain. 2 Restatement Law of Contracts, sec. 447. Plaintiff's claim that the relationship of trustor and trustee was constituted is not borne out by the testimony.

While the plaintiff complains of the manner in which the defendants dealt with him, it should be noted that before any money was paid he had knowledge that only 145 acres would be conveyed to him, and with this knowledge he accepted the written option and paid the agreed price for that number of acres. It is a well recognized rule that money paid with full knowledge of all the facts may not be recovered back. *Brummitt v. McGuire,* 107 N. C., 351, 12 S. E., 191. Here, the plaintiff, by his acceptance of the written memorial of the contract set out in the

option and his subsequent completion of the transaction in accord therewith, indicated his acquiescence in the terms of the contract as therein expressed.

We think the trial judge has correctly ruled that the evidence offered is insufficient to sustain plaintiff's action. The judgment of nonsuit is
  Affirmed.