T. L. COX v. D. D. HINSHAW and LENA HINSHAW.

(Filed 29 October, 1947.)

**1. Arbitration and Award § 2: Deeds § 16c—Provision for arbitration held to relate to accounting upon termination of agreement by mutual consent.**

The parties entered into an agreement under which defendants were to care for and maintain a home for plaintiff the remainder of his natural life, operate plaintiff's businesses and turn over to plaintiff a percentage of the profits, in consideration, *inter alia,* of plaintiff's execution of a deed

to defendants, deposited in escrow under the agreement. The contract provided for arbitration in the event the parties decided, for any cause, to terminate the contract and cancel the deed. *Held:* The provision for arbitration does not empower either party acting alone to terminate the contract and force settlement of all differences by arbitration, but relates only to differences which might arise in a final settlement or accounting in the event the parties mutually agree to terminate the contract and cancel the deed.

**2. Evidence § 39—**

Where defendants allege that the contract between the parties contained the complete agreement in which all prior negotiations were merged, and do not seek reformation for fraud, it is error for the trial court to permit a defendant to read out portions of the contract to which he objected and to testify as to what those provisions should have been according to the proposals of plaintiff made prior to the execution of the agreement.

**3. Deeds § 16c—**

In an action for breach of conditions in a contract under which defendants were to care for and provide a home for plaintiff in consideration of plaintiff's conveyance of realty to defendants, testimony of plaintiff as to the condition of his room subsequent to the time plaintiff quit the premises for alleged condition broken, is incompetent in the absence of evidence that plaintiff had in the meantime requested that the room be put in order and made available to him.

Appeal by plaintiff from *Alley, J.,* at March Term, 1947, of Randolph.

Civil action to cancel a contract for noncompliance with the terms and conditions contained therein, and for the return of a deed held in escrow in connection therewith.

The plaintiff and defendants entered into a contract as of 27 September, 1944, whereby the defendants were to move into the home of the plaintiff and, among other things, were to "maintain and provide said T. L. Cox with a peaceful, quiet and comfortable home during the remainder of his natural life." The defendants also agreed to take over the operation of a mill and ice plant situated on the premises of the plaintiff and to operate and maintain them in a business-like manner, pay all expenses in connection with the operation of said plants, including taxes, and to pay over to T. L. Cox one-half of the net profits derived from the operation thereof, during his natural life. As a part of the consideration involved in the agreement, the plaintiff herein executed a warranty deed to the defendants for sixty acres of his land on which the above plants are located. The contract referred to herein was incorporated in said deed and placed in escrow with the First National Bank of Asheboro, to be delivered to the defendants upon the death of T. L. Cox, provided in the meantime the defendants had performed the conditions set forth in

the deed and contract. Otherwise, the deed is to be destroyed or returned to the estate of T. L. Cox.

Other facts were stated in the opinion of the Court, when this case was before us at the Fall Term, 1946, reported in 226 N. C., 700, 40 S. E. (2d), 358, and need not be repeated here.

In the trial below issues were submitted to the jury and answered as follows:

"1. Did the plaintiff and the defendants execute the contract referred to and described in the deed dated 27 day of September, 1944, from the plaintiff, T. L. Cox, to the defendants D. D. Hinshaw and Lena Hinshaw, his wife, and as fully described in the complaint, with the further understanding that said deed should be held in escrow during the lifetime of the grantor, T. L. Cox, to the end that it might be ascertained whether the defendants had complied with their contract as provided in the escrow agreement attached to said deed? Answer: Yes.

"2. Did the defendants breach the conditions set forth in said deed and contract, as alleged in the complaint? Answer: No."

From judgment entered on the verdict, the plaintiff appeals, assigning error.

*John G. Prevette and Horton & Bell for plaintiff.*
*H. M. Robins for defendants.*

Denny, J. The plaintiff alleges that by reason of the failure of the defendants to perform the conditions in the contract executed by the parties, he desires to terminate the contract and cancel the deed, and has so notified the defendants and made demand that they vacate the premises and submit any differences or claims of dispute the plaintiff and defendants may have to arbitration, according to their agreement so to do; but the defendants have refused to vacate the premises or to submit their differences to arbitration.

The defendants, on the other hand, deny any breach of the contract and allege that the contract does not contain a provision requiring the arbitration of the matters in dispute in this action.

There is a provision in the contract that if the parties decide, for any cause, to terminate and cancel the deed and contract, in such event, the parties agree to arbitrate any differences that may arise between them. However, there is no provision in the contract for arbitration of any differences which might arise between the parties respecting the performance of the conditions contained therein.

We think it is evident the differences which the parties agreed might be settled by arbitration, were those differences which might arise in a final settlement or accounting between the parties arising out of the

management of plaintiff's properties by defendants, as provided in the contract, in the event the parties mutually agreed to a termination of the contract and the cancellation of the deed. The plaintiff nor the defendants acting alone can effect a termination of the contract and a cancellation of the deed involved herein, thereby forcing a settlement of all differences arising in connection therewith by arbitration.

Consequently, the courts constitute the only forum in which the plaintiff may obtain relief for any breach of the conditions contained in the deed and contract. The jury in the trial below, having found that the defendants have not breached the contract, we must determine whether or not any prejudicial error was committed in the trial below.

The defendants allege in their answer that the deed and contract, dated 27 September, 1944, sets forth and contains the full and complete contract and agreement between the parties, with all the terms and conditions thereof, and that "all prior negotiations of the parties were and are merged in said written deed and contract—and that there are no existing terms of the agreement between the parties that are not set forth and contained in said deed and contract." Notwithstanding these allegations made and verified by the defendants, the defendant, D. D. Hinshaw, was permitted, over objection by the plaintiff, to testify that certain provisions in the deed and contract were grossly unfair to the defendants and were not in accord with his understanding with the plaintiff prior to the preparation and execution of the agreement. He was permitted to point out and read to the jury the provisions to which he objected, and to testify as to what those provisions should have been, according to the proposals of the plaintiff made prior to the execution of the agreement. This evidence was inadmissible and prejudicial. *Williams v. McLean,* 220 N. C., 504, 17 S. E. (2d), 644; Stansbury on Evidence, Sec. 251, p. 503. It tends to show that the plaintiff did not act in good faith in connection with the preparation of the contract. The defendants in their pleadings do not raise an issue of fraud or seek to have the contract reformed, hence the exception of the plaintiff to the admission of this evidence will be sustained.

The appellant also assigns as error the refusal of the court below to permit him to introduce evidence as to the condition in which he found his room the day before the trial, in his home occupied by the Hinshaws. There is no evidence disclosed on the record tending to show that the plaintiff has occupied the room at any time since he left there, 23 September, 1945, or that he has requested the defendants, in the meantime, to have the room in order and available for him. These assignments of error are without merit.

We deem it unnecessary to discuss the remaining assignments of error, since there must be a new trial, and it is so ordered.

New trial.