### VERA HOPKINS BOST v. E. L. BOST.

(Filed 28 November, 1951.)

**1. Husband and Wife § 12d (2)—**

A deed of separation between husband and wife which purports to make a complete property settlement between the parties in contemplation of permanent separation precludes the wife from testifying to the effect that the husband, prior to the execution of the agreement, verbally promised that in the event he thereafter sold his business he would give her half the sale price, there being no allegation that anything was left out of the separation agreement through fraud or mutual mistake.

**2. Evidence § 39—**

Negotiations leading up to the execution of a written instrument are considered as varied by and merged in the writing.

**3. Evidence § 40—**

> The rule that consideration for a written contract may be shown by parol and that the recital of a monetary consideration is but *prima facie* evidence of payment and may be rebutted by parol proof, *held* not to permit the introduction of parol testimony which seeks to incorporate into the agreement property not therein set out, and thus vary the terms of the writing.

**4. Same—**

> While parol evidence is competent to explain some written contracts, it is not competent to vary the terms of an unambiguous agreement.

APPEAL by plaintiff from *Phillips, J.,* June 1951 Term, CABARRUS.

Civil action to recover upon an oral promise alleged to have been a part of the consideration of a separation agreement.

Plaintiff and defendant were formerly husband and wife but are now divorced. During the marriage, two written separation and property settlement agreements, both under seal, were entered into, one dated 24 December, 1946, and the other dated 10 July, 1947. Both agreements were executed in conformity to G.S. 52-12.

The first agreement recites that the parties are living separate and apart from each other with the intention to continue so to do; that they "deem it for the mutual advantage of themselves and the advantage of said children that there should be an agreement between them respecting their rights and obligations"; that "in consideration of the premises and the agreements hereinafter contained and other good and valuable considerations, it is agreed as follows": that plaintiff and defendant thereafter live separate and apart from each other without interference or molestation one from the other; that the defendant pay to the plaintiff as maintenance the sum of $70.00 per week for two years; that the title to certain real property belonging to the defendant be transferred to plaintiff and defendant as an estate by the entireties.

The second agreement entered into at the "special insistance of the wife" made certain changes in the former agreement, in that the provision for the weekly payment to the wife was stricken out and a payment to her of $15,000.00 in cash and payment of $15.00 per week for support of the children were substituted in lieu thereof. The status of the title to the real estate was so altered as to provide for the conveyance of the home on Kerr Street valued at $15,000.00 and the household and kitchen furniture to the wife for life with remainder to the children, and for the conveyance of other real property valued at $10,500.00 to the husband. This second contract ratified all the provisions of the first agreement except as to the changes indicated.

Both agreements contain the following paragraph:

"Each party hereby releases and relinquishes to the other any and all rights of property growing out of the marital relationship whether by way of maintenance and support, dower, curtesy, or otherwise, and each party shall in all respects own, have, and enjoy all personal and real property belonging to him or her, or which he or she may hereafter acquire, as his or her sole and separate property, free from any rights of the other party and free from any interference of the other party and with full power to each of the said parties to sell, lease, assign, convey, deal with, bequeath, devise or dispose of his or her said property as fully, freely and effectually, in all respects as if he or she were sole and unmarried; and each of the parties hereto shall, at the request of the other, execute and release, whether of dower or otherwise, or other documents necessary or desirable to carry this provision into effect."

The ownership of the property in question is established by the following language in the complaint: "That at the time said separation and property agreements were entered into and prior thereto, the defendant was the owner of the Concord Motor Coach Company which operated a bus line in the City of Concord, North Carolina."

It is the plaintiff's position that a part of the separation agreement was not reduced to writing but rested in parol. She does not, however, allege the omission of anything from the separation and property settlement agreements by fraud or mistake. Both written agreements were introduced by the plaintiff as a part of her evidence. Thereafter, the plaintiff took the stand as a witness in her own behalf and was asked the following question: "At the time you entered into the settlement agreement dated 10th of July 1947 state if you had any understanding between yourself and the defendant, E. L. Bost, in regard to the terms of the agreement, what he was to do and what you were to do?" Defendant's objection to this question was sustained and plaintiff excepted. If the witness had been allowed to answer, she would have said: "He promised to give me half of the bus line if he ever sold it; promised me faithfully that he wouldn't sell it; if he ever did, he would give me half of it. This conversation took place several days before the settlement agreement was signed. Since that time he has sold the bus company. We had a conversation about the sale of the bus line. We argued about it and he said I would get my share when he got his money. He said he received $65,000 for the bus line. The reason he gave me for not paying me at the time we had a talk was that he didn't have his pay yet. He said he was to be paid in 1951."

Plaintiff rested, and upon defendant's motion, judgment as of nonsuit was entered. Plaintiff excepted and appealed, assigning errors.

*M. B. Sherrin for plaintiff, appellant.*
*E. T. Bost, Jr., and Hartsell & Hartsell for defendant, appellee.*

VALENTINE, J. The parol evidence rule presents an insurmountable obstacle to the plaintiff upon this record. Her effort to establish by word of mouth an interest in the Concord Motor Coach Company owned by her husband and a right to one-half of the proceeds in case of a sale thereof is in direct contravention of the written instruments by the terms of which she released and relinquished to her husband all property rights. She does not attack the separation deeds on the ground of fraud or mutual mistake, but attempts to establish by parol proof a prior collateral agreement which varies and contradicts the written word. This she cannot do.

It is a well established rule of evidence and of substantive law that matters resting in parol leading up to the execution of a written contract are considered as varied by and merged in the written instrument. *Williams v. McLean,* 220 N.C. 504, 17 S.E. 2d 644. This Court has consistently held that "parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound." *Ray v. Blackwell,* 94 N.C. 10; *Oliver v. Hecht,* 207 N.C. 481, 177 S.E. 399. "The writing is conclusive as to the terms of the bargain." *Williams v. McLean, supra.*

Applying this rule to the instant case, the parties are presumed to have integrated their negotiations and agreements into the written memorial embodying the unequivocal terms and conditions of their separation agreement. The term "separation and property settlement agreement" in the absence of clear language or impelling implications connotes not only complete and permanent cessation of marital relations, but a full and final settlement of all property rights of every kind and character.

Plaintiff's contention that the agreement with respect to the bus line was part of the consideration for the separation deed, and that this could be shown by parol evidence does violence to this rule. The contract plaintiff proposes to prove by parol does more than to establish the consideration for the contract. It seeks to incorporate in the agreement property not therein set out and thus to vary its terms. It is sometimes said that the recital of a monetary consideration in a deed is no more than a receipt, is only *prima facie* proof of payment and may be rebutted by parol proof, but this rule has not been extended to authorize the admission of parol evidence to contradict or modify the terms of a deed or other document executed with the same formalities. *Westmoreland v. Lowe,* 225 N.C. 553, 35 S.E. 2d 613.

Parol testimony may sometimes be used to explain a written contract, but it cannot be offered to alter or contradict any of its provisions. An explanation of a document implies uncertainty, ambiguity and doubt, but a plain case of alteration, that is, an offer to prove by witnesses that a person promised to do something beyond the plain words and meaning of his written contract, is precluded by the rule. "It is best to trust to the words of the writing, which the parties have chosen to protect and preserve the integrity of their treaty, than to rely on human memory for the exact reproduction of their words." *Pierce v. Cobb,* 161 N.C. 300, 77 S.E. 350.

In rejecting the parol evidence of the plaintiff, there was no error. It follows, therefore, that the judgment of nonsuit was correct and must be upheld.

Affirmed.