WILLIAM E. TOMLINSON v. KIDD BREWER AND WIFE, MARY
FRANCES LINNEY BREWER

No. 7310SC487

(Filed 25 July 1973)

**1. Trusts § 18— parol trust — admissibility of evidence**

In North Carolina parol evidence may be admitted for the pur-
pose of engrafting a parol trust on the legal title provided the
declaration of trust is not one in favor of the grantor.

**2. Evidence § 32— parol evidence rule**

Any or all parts of a transaction prior to or contemporaneous
with a writing intended to record them finally are superseded and
made legally ineffective by the writing.

**3. Evidence § 32; Trusts § 18— action to establish parol trust — written
instruments admissible — oral testimony excluded by parol evidence
rule**

In an action to establish a parol trust on a parcel of land where
defendant's evidence consisted of (1) a deed transferring the property
in fee simple to defendant and his wife and (2) an instrument ex-
ecuted contemporaneously with the deed giving plaintiff the option to
purchase 49/100 interest in the property within a year for a stipulated
sum, the parol evidence rule applied to exclude plaintiff's oral evidence
that defendants held the 49/100 interest in the property in trust for
him and that he owned such interest by virtue of an oral agreement
with male defendant.

APPEAL by plaintiff from *Godwin, Special Judge,* 2 January
1973 Session of Superior Court held in WAKE County.

This is a civil action instituted by the plaintiff seeking to
establish a parol trust in a parcel of land described as 4510
Raleigh-Durham highway located across from Crabtree Valley
Shopping Center in Raleigh and to have plaintiff declared to
be the owner of 49/100 undivided interest in said property.
Defendants denied the existence of any trust and asserted that
a written instrument executed by the defendant, Kidd Brewer,
contemporaneously with the execution of the fee simple deed
to Brewer and his wife from one John S. Hill II, constituted
the sole and entire agreement of the parties with respect to the
purchase of the land.

After the jury was selected and empaneled, counsel for
both parties during a pretrial conference agreed that the ruling
of the court upon the admissibility of parol evidence to show
possible agreements prior to the execution of the written in-

strument would determine whether the evidence was sufficient to be submitted to the jury upon plaintiff's cause of action. In the absence of the jury the court then conducted a *voir dire* hearing at which evidence was heard from both plaintiff and defendant.

The evidence on *voir dire* tended to show, in substance, that plaintiff had previously owned the property in question and had sold it to Mr. Hill retaining a right to repurchase, and that he consulted with the defendant, Kidd Brewer, about some business arrangement for its purchase, joint ownership, and eventual development. The parol evidence was conflicting about the finality of any arrangement between plaintiff and Brewer, but the property was transferred by deed in fee simple to Brewer and his wife on 26 May 1967 in the office of Attorney Howard Manning. The defendant, Brewer, paid $35,300.00 to Mr. Hill and $9,700.00 to the plaintiff. Brewer was not represented by counsel at the time the transaction for the sale of the land was closed, but the plaintiff was present and was represented by his attorney, Walter Early. Mr. Early drafted the written instrument which was signed by the defendant, Kidd Brewer, contemporaneously with the execution of the deed, and this instrument was delivered to the plaintiff or his counsel. It was introduced into evidence as exhibit 3 on *voir dire* and is set out as follows:

"The undersigned hereby agrees to sell to William E. Tomlinson Jr. or assigns 49/100 interest in the property briefly described as 4510 Raleigh, Durham Hy Raleigh, N. C. at the price of $22,500.00 within 1 year from date.

This 26th Day of May 1967

/s/ Kidd Brewer"

It is undisputed that the plaintiff did not tender the $22,500.00 referred to in *voir dire* exhibit 3 within the one year time limit therein allowed and did not exercise his right to purchase the 49/100 undivided interest in the described property. He did, however, continue to occupy a building on the premises as a residence and business office and paid rent to the defendants for some period after 26 May 1967. Later such payments were discontinued, and defendants have filed counterclaim for past due rents.

The defendants maintain that *voir dire* exhibit 3 constituted the sole agreement between the parties relating to the

purchase or transfer of any interest in the land, and the failure of the plaintiff to exercise his rights under this agreement terminates any possible interest he could have had in the property.

The court below found as a fact:

"That, upon closure of the transaction, John S. Hill and wife were paid $35,300.00 purchase money by Kidd Brewer and wife; plaintiff Tomlinson was paid $9,700.00 by defendants as consideration for the privilege of exercising the plaintiff's option to purchase the land from Hill; and at the same time and place, the defendants loaned plaintiff an additional $5,000.00.

* * *

That, prior to May 26, 1967, the date of the transfer of the land to the defendants by John S. Hill and wife, the plaintiff and Kidd Brewer had entered into no agreement providing that the plaintiff should have any record or beneficial interest in the land except upon the payment to the defendants of the sum of $22,500.00, within a year of the date of defendants' voir dire Exhibit 3, i.e., May 26, 1967; that plaintiff has made no tender or offer to pay this amount to the defendants."

The court then concluded as a matter of law:

"1. That the paper writing dated May 26, 1967, introduced herein as the defendants' voir dire Exhibit 3, is a written instrument or written agreement as between the parties and all prior agreements and negotiations between the parties pertaining to an acquisition of interest in the land merged into such written instrument.

2. That the parol evidence rule is applicable and precludes the plaintiff from introducing evidence contrary to or in conflict with the written instrument dated May 26, 1967, and received in evidence as defendants' voir dire Exhibit 3."

The court further concluded that there was no genuine issue as to any material fact, granted the motion of defendants for summary judgment, and dismissed the plaintiff's action.

From the entry of summary judgment plaintiff appealed.

---

**Tomlinson v. Brewer**

---

*Twiggs & McCain, by Howard F. Twiggs and Grover C. McCain, Jr., for plaintiff appellant.*

*Wolff, Harrell and Mann, by Bernard A. Harrell, for defendant appellees.*

BALEY, Judge.

The sole question for determination on this appeal is the admissibility of parol evidence to vary, add to, or contradict the written instrument executed by the defendant, Kidd Brewer, and delivered to the plaintiff, Tomlinson, contemporaneously with the transfer to Brewer and his wife of a fee simple deed to the property involved upon which the plaintiff seeks to engraft a parol trust.

[1] In North Carolina parol evidence may be admitted for the purpose of engrafting a parol trust on the legal title provided the declaration of trust is not one in favor of the grantor. *Electric Co. v. Construction Co.*, 267 N.C. 714, 148 S.E. 2d 856; *Thompson v. Davis*, 223 N.C. 792, 28 S.E. 2d 556; *Insurance Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606.

Conceding that the parol evidence rule would not prohibit evidence to vary or contradict the provisions of the deed to the defendants and would permit the establishment of a parol trust, that is not the situation which is presented in this case. We are confronted with another written instrument which was delivered to the plaintiff at the same time the deed was executed and granted to him an option to purchase an interest in the land described in the deed. It set out the terms under which such option could be exercised. The written instrument primarily involved is this option agreement, not the deed.

The plaintiff contends that the written agreement executed by the defendant, Kidd Brewer, was not intended by the parties to be final and was accepted by him only until the total agreement could be reduced to writing.

[2] As stated in 2 Stansbury's N. C. Evidence, Brandis Revision, § 251:

> "Translated into the language of the substantive law, the parol evidence rule may be expressed thus: *Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing.*"

The parol evidence rule thus applies to *any or all parts* of a transaction prior to or contemporaneous with a written instrument which was intended to record them finally.

In *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242, the rule is stated as follows:

> "A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements *as to the elements dealt with in the writing*. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent." (Emphasis added.)

In this case the written instrument executed contemporaneously with the transfer of title dealt with the following elements:

1. Names the parties and specifically the plaintiff, William E. Tomlinson, Jr., or assigns.

2. Made a direct unequivocal promise to sell.

3. Set out the 49/100 interest involved.

4. Described and identified the property.

5. Named the price at $22,500.00.

6. Limited the time for exercise of the right to purchase, that is, within one year from date.

7. Had a specific date confirming its execution at the time the deed was made on 26 May 1967.

8. Was properly signed by the defendant Kidd Brewer.

[3] If the parol evidence offered by the plaintiff will vary, add to, or contradict any of the elements dealt with in the written instrument, it is inadmissible. Fortunately, the court conducted a *voir dire* hearing and all the evidence which plaintiff

Tomlinson v. Brewer

proposes to offer is known. In material part it does vary, add to, or contradict the written instrument. The written instrument is clear that the plaintiff was entitled to purchase 49/100 interest in the Brewer property at a price of $22,500.00 within one year from 26 May 1967. If the plaintiff had exercised his option, there would have been no legal action. None of the plaintiff's oral testimony is consistent with the privilege accorded him by the option to purchase 49/100 interest in the property within one year for a purchase price of $22,500.00. To the contrary, plaintiff attempts to submit oral evidence that the defendants held the 49/100 interest in the property in trust for him and that he owned such interest by virtue of an oral agreement with defendant Kidd Brewer. Plaintiff's testimony concerned an alleged agreement to own the land together and split the profits out of which the $22,500.00 was to be paid to Brewer. All of this evidence is contrary to the terms of the written instrument, and the parol evidence rule forbids its admission as evidence.

In *Williams v. McLean*, 220 N.C. 504, 17 S.E. 2d 644, the plaintiff alleged a parol trust arising from an oral agreement by defendant and plaintiff that defendant would buy 158 acres of land for the plaintiff and take title in defendant's name and then convey to the plaintiff. Defendant purchased the land and later gave plaintiff a written option to purchase 145 acres for a set price which option the plaintiff exercised. In plaintiff's action to secure the additional 13 acres, the court referred to the prior oral negotiations as merged in the subsequent written option and stated:

> "Thus it seems the parties integrated their negotiations and agreements into the written memorial embodying an unequivocal offer to sell a certain number of acres of land on definite terms. This written designation of the terms of the contract was executed by the defendants and accepted by the plaintiff. It is established, not only as a rule of evidence, but also as one of substantive law, that matters resting in parol leading up to the execution of a written contract are considered merged in the written instrument. . . . The writing is conclusive as to the terms of the bargain." *Williams v. McLean, supra* at 506, 17 S.E. 2d at 645-46.

While it is true the option was actually exercised in the *Williams* case, it is quite similar in facts to the case at bar and the principles involved are here applicable.

The court below was correct in excluding the parol testimony offered by the plaintiff and in granting summary judgment for the defendants.

**Affirmed.**

Judges BROCK and VAUGHN concur.