B M & W OF FAYETTEVILLE, INC. v. CONNIE LEE BARNES, RONALD DUSTIN BARNES, JEANNETTE McLAMB LEE, GUARDIAN FOR CONNIE LEE BARNES, MINOR, JEANETTE McLAMB LEE, GUARDIAN FOR RONALD DUSTIN BARNES, MINOR, AND FESTUS BARNES, ADMINISTRATOR OF THE ESTATE OF WILLIAM HOMER BARNES, DECEASED

No. 8412SC1078

(Filed 2 July 1985)

1. **Trusts § 13— creation of purchase money resulting trust**

    When the purchase price of property is paid by one person but title is taken in the name of another, a resulting trust arises in favor of the one who furnishes the consideration absent evidence indicating a contrary intent.

2. **Trusts § 13— resulting trust—obligation before or at time of conveyance not required**

    The incurring of an obligation before or at the time of a conveyance is not a prerequisite for the imposition of a resulting trust.

3. **Trusts § 13.3— resulting trust in favor of corporation**

    A corporation was entitled to have a resulting trust imposed on property titled in the names of three corporate officers and directors where all payments on the property were made with corporate funds, the corporation has paid all taxes and insurance on the property, and the purchase money note was carried as a liability and the property was carried as an asset on the corporation's books.

4. **Trusts § 15— action to impose resulting trust—statute of limitations**

    A corporation's action to impose a resulting trust on property titled in the names of three corporate directors and officers was governed by the ten-year statute of limitations of G.S. 1-56 rather than by the three-year statute of limitations of G.S. 1-52(9) for actions to reform a deed for mistake.

5. **Trusts § 18— resulting trust—parol evidence**

    Parol evidence is admissible for the purpose of engrafting a parol trust on legal title provided the declaration of trust is not in favor of the grantor.

**6. Evidence § 11.7— dead man's statute—independent knowledge**

The dead man's statute, G.S. 8-51, does not bar one from testifying as to his own acts or matters as to which he has independent knowledge not acquired in a communication or transaction with a deceased person.

APPEAL by defendants from *Johnson, Judge.* Order entered 17 July 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 May 1985.

Plaintiff instituted this action by filing a complaint on 24 February 1984 in which plaintiff alleged that William Homer Barnes, Harvey Mitchell Smith and Marvin William Smith, as officers and directors of plaintiff corporation, purchased a tract of real property in Cumberland County in 1978 with corporate funds, but title to this property was placed in the names of the three individuals. William Homer Barnes died intestate on 10 March 1983. The defendants are Festus Barnes, administrator of William Homer Barnes' estate, and the minor children of William Homer Barnes and their guardian. They filed separate answers in which they counterclaimed for their share of the rents from plaintiff's use of the property. Plaintiff moved for summary judgment. From the granting of plaintiff's motion and the entry of judgment for plaintiff, defendants appeal.

*Butler, High, Baer & Jarvis, by Ervin I. Baer and Bruce F. Baer, for plaintiff appellee.*

*Morgan, Bryan, Jones & Johnson, by Robert H. Jones, for defendant appellants.*

JOHNSON, Judge.

Two primary issues are presented by this appeal: (1) whether the court properly granted summary judgment in favor of plaintiff; and (2) whether the court properly considered the affidavit of Harvey Mitchell Smith, which was submitted in support of plaintiff's motion for summary judgment. For the following reasons we find no error and affirm the entry of summary judgment for plaintiff.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The burden is upon the party moving for summary judgment to show that there is no genuine issue of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). If the movant meets this burden, the burden then shifts to the non-movant to set forth specific facts showing that there is a genuine issue of material fact for trial. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982).

In the present case, plaintiff attached to its motion the affidavit of Harvey Mitchell Smith in which he averred that he, acting on behalf of plaintiff corporation, negotiated the purchase of the real estate in question; that he mistakenly told the seller of the property to list Harvey Mitchell Smith, Marvin William Smith and William Homer Barnes as purchasers of the property on the offer to purchase and contract; that the offer to purchase and contract was signed only by him on behalf of plaintiff corporation; that upon the signing of the contract and before the delivery of the deed, checks totalling $10,000, written on plaintiff's bank account or from funds obtained by plaintiff, were delivered to the sellers as a down payment of the purchase of the property; that the deed to the property was made to the three men rather than to the corporation; that the three men executed a purchase money note and deed of trust; that all further payments, including payments of interest and principal on the note, taxes and insurance on the property, and for improvements to the property, were paid by the plaintiff; and that the property appeared on the plaintiff's books as an asset and the note as a liability. Attached to the affidavit were the offer to purchase and contract, the deed, checks written on plaintiff's account and plaintiff's financial statements. In opposition to plaintiff's motion, defendants produced the affidavit of John Shaw, an attorney, who averred that he prepared the offer to purchase and contract, purchase money note and deed of trust and deed conveying the property to the three men pursuant to instructions he received from the sellers of the property.

[1, 2]    It is well settled that in the absence of evidence indicating a contrary intent, when the purchase price of property is paid by one person but title is taken in the name of another, a resulting trust arises in favor of the one who furnishes the consideration. *Vinson v. Smith*, 259 N.C. 95, 130 S.E. 2d 45 (1963); *Cline v. Cline*,

297 N.C. 336, 255 S.E. 2d 399 (1979). Citing language in *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957), defendants argue that in order for a purchase money resulting trust to arise in favor of plaintiff, plaintiff must have incurred an obligation to pay the remainder of the purchase price of the property at or before the time of the conveyance. We disagree. The language defendants cite is dictum. Defendants have not cited, nor can we find, any cases in this State which hold that the incurring of an obligation before or at the time of a conveyance is a prerequisite for the imposition of a resulting trust. Indeed, in *Furniture Co. v. Cole*, 207 N.C. 840, 178 S.E. 2d 579 (1935), a shareholder of the plaintiff corporation made the down payment on the purchase of real property with funds of the plaintiff, and signed a deed of trust securing the balance of the purchase price. The note secured by the deed of trust was carried as a liability and the property was carried as an asset in plaintiff's books. The plaintiff also paid taxes on the property. The Court upheld the jury's verdict that the plaintiff corporation had furnished the consideration for the conveyance, and thus was entitled to have a resulting trust imposed in its favor. The Court did not say that the plaintiff's signing of the note or deed of trust was a prerequisite to the imposition of a resulting trust.

[3] The facts in the present case are on all fours with those of *Furniture Co., supra.* The forecast of evidence is undisputed that all payments on the property, down payment or otherwise, have been made with corporate funds; that the plaintiff has paid all taxes and insurance of the property; and that the note and property appears on the plaintiff's books as a liability and fixed asset, respectively. Based upon these uncontroverted facts, plaintiff was entitled to the imposition of a resulting trust in its favor. There being no genuine issue of material fact and plaintiff being entitled to judgment as a matter of law, summary judgment in favor of plaintiff was therefore properly granted.

[4] Defendants argue summary judgment was improper because there is a genuine issue of material fact as to the statute of limitations if this action is one to reform a deed based on mistake, which is governed by a three year statute of limitations under G.S. 1-52(9). This action, however, is one to impose a resulting trust, which is governed by a ten year statute of limitations. G.S. 1-56 (1983); *Bowden v. Darden*, 241 N.C. 11, 84 S.E. 2d 289 (1954).

Even if there is an issue of fact as to whether the Smiths should have discovered that their names were on the deed in 1978, this action was commenced in 1984, well within the ten year period of limitations.

**[5, 6]** Defendants also contend that Harvey Mitchell Smith's affidavit should not have been considered by the court on the ground that it was not competent under the parol evidence rule or G.S. 8-51 (1983), commonly known as the "dead man's statute." These contentions have no merit. Parol evidence is admissible for the purpose of engrafting a parol trust on legal title provided the declaration of trust is not in favor of the grantor. *Tomlinson v. Brewer*, 18 N.C. App. 696, 197 S.E. 2d 901, *cert. denied*, 284 N.C. 124, 199 S.E. 2d 663 (1973). The dead man's statute does not bar one from testifying as to his own acts or matters as to which he has independent knowledge not acquired in a communication or transaction with a deceased person. *Waddell v. Carson, supra; Carswell v. Greene*, 253 N.C. 266, 116 S.E. 2d 801 (1960). Here, Smith's affidavit primarily concerns his own acts, and does not relate to transactions or communications with the deceased, William Homer Barnes.

For the foregoing reasons, the judgment of the superior court is

Affirmed.

Judges WELLS and COZORT concur.