## STATE v. H. H. YOUNG.

(Filed 7 May, 1924.)

**Fires—Criminal Law—Evidence—Motive—Landlord and Tenant—Automobiles—License—Identification.**

Upon the trial of defendant for setting fire to his tenant's house at night, evidence *held* sufficient to sustain a verdict of guilty which tended to show ill-will on the part of the defendant for his tenant, that an automobile was seen about the time of the fire in front of the tenant's house, afterwards identified as that of the defendant by the peculiar marking of the imprint on the ground of its tires, and by the license number; and testimony of witnesses was properly admitted which tended to show that by experiments made shortly thereafter a witness to the fact could have seen the number on the car under the circumstances, and that the imprint of the tracks of defendant's automobile were identical with those made by the one the witness had seen there when the experiments were made, in the absence of defendant and without having notified him to be present.

APPEAL by defendant from *Long, J.,* at September Term, 1923, of ROWAN.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*T. F. Hudson and R. Lee Wright for defendant.*

CLARK, C. J. The defendant was convicted of burning a dwelling-house in the possession of W. H. Wilson, his tenant. The house was situated seven or eight miles south of Salisbury on the public road. It was burned Saturday night, 24 March, 1923, between 8 and 9 o'clock. The evidence showed that the defendant and his said tenant were on very unfriendly terms, and that the defendant had made threats against tenant and had brought summary proceedings in ejectment before a justice of the peace shortly before the burning, in which the defendant had lost. There was evidence that the defendant knew that neither Wilson nor any member of his family were in the house; that they usually slept there in the daytime and worked at night in Spencer. The house was insured.

The evidence connecting the defendant with the crime was circumstantial. It was in evidence that a car was seen parked at about the time of the fire on the road near the building by one Holshauser, who testified that in turning the bend of the road the lights of his automobile flashed upon this parked machine and that he saw the number— No. 129,295. He was corroborated by Sam Cooper who testified that Holshauser told him the incident three days later, and that this was the

number on the car. There were other witnesses who testified that this was the number on the car belonging to the defendant. The State corroborated Holshauser by witnesses who described, as he did, the track made by this automobile, that one wheel made the impression of a "V" ·and that the other wheels made normal tracks. He and others testified that they went the next day to where it had been parked and found it made such tracks. The testimony of the State was that the tracks made by the defendant's car made exactly the kind of track Holshauser testified was made by this parked vehicle.

There was evidence that an experiment was made by Holshauser in the car in which he was riding by which he flashed the light at the same turn in the road and that it was sufficient to read the number of the car standing where this car had stood on the night in question. There was also evidence that there was an oil can in a bush near the burned house which was identified as the property of the defendant.

There was also evidence that the tracks leading up the lane to the house and in the direction of the automobile corresponded with the measurement of the tracks made by the defendant.

The defendant excepted to the evidence of the measurements and comparison of the tracks of the automobile, and of the experiments as to flashing a light on an automobile parked where Holshauser said this was parked, and the ability to read the number of the machine.

In S. v. Morris, 84 N. C., 756, the Court said: "We know of no principle of law or rule of evidence in which the testimony offered by the State in regard to the examination of the tracks and boots of the prisoner should have been excluded because made in the absence of the prisoner or without notice to him to be present. The counsel who argued the case here for the prisoner cited us to no authority in support of the position, and it is difficult to conceive that any such could be found. . . . The prisoner's counsel did not strenuously urge this point upon the court, but laid the stress of his argument upon the incompetency of the evidence in relation to the tracks, and their correspondence with the prisoner's boots, because it did not appear that the witnesses who testified to those matters were experts, or acquainted with the tracks of the prisoner. . . . But it has been so frequently and so recently decided by this Court, and so clearly taught in all the elementary authors, that it is not necessary that a witness should be an expert to entitle him to testify as to the identification of tracks, and their correspondence with the shoes that may be worn by parties on trial, as to leave it no longer an open question."

The competence of the evidence of the measurements of the tracks was held competent also in S. v. Freeman, 146 N. C., 618; S. v. Reitz, 83 N. C., 634; S. v. Graham, 74 N. C., 646; S. v. Daniels, 134 N. C.,

641; *S. v. Martin,* 173 N. C., 808; *S. v. Adams,* 138 N. C., 691-696; *S. v. Griffith,* 185 N. C., 759.

In *S. v. Freeman,* 146 N. C., 615, the witness followed the cart tracks to within 100 yards of George Freeman's house, and the same men's tracks that had come from the store by the side of cart track, and then followed the mule track a quarter of a mile farther, to Frank Freeman's house; followed the man's track 100 yards on from cart track to George Freeman's house. The same ruling would apply to the tracking of an automobile, especially when the track had a peculiarity, as in this case.

It appears from the testimony in this case that the defendant's car made three tracks alike, but one rear wheel made a "V" shape in the ground, and when defendant's automobile was seen in Salisbury it had on it three tires of the same kind and the same rear tire made a "V" in the ground, just such marks as were made by the automobile parked on the side of the road the night the house was burned.

Experiments to corroborate the testimony of the witness Holshauser were competent, 22 C. J., 755, 759, and numerous authorities there cited from many States. The same character of evidence was sustained in *Cox v. R. R.,* 126 N. C., 105; *Arrowood v. R. R., ibid.,* 632. In the latter case exactly similar evidence of experiments with headlights was held competent.

The charge was elaborate and the defendant takes no exception to any part of it. The defendant had a fair trial, and the jury convicted him upon the evidence which, we think, justified the verdict. It was a question of fact for the jury, and they have determined the fact adversely to the defendant. We find

No error.