R. S. BUSBEE, TRUSTEE, v. CHARLES A. CREECH, F. K. BROADHURST
AND W. H. AUSTIN.

(Filed 10 November, 1926.)

**Negotiable Instruments—Endorsers—Notice of Dishonor—Evidence.**

> Where a negotiable note sued on has the name of the defendant endorsed thereon without indication that he has signed in any other capacity, and he is not notified of its nonpayment at maturity, as the statute requires, C. S., 3086, evidence that he had signed otherwise is incompetent, and he is discharged from liability thereon, C. S., 3044, 3071.

CLARKSON, J., not sitting.

APPEAL by plaintiff from judgment of *Barnhill, J.,* at March Term, 1926, of WAKE.

Action upon note, payable to order of plaintiff, executed by defendant, Creech, and endorsed by defendants, Broadhurst and Austin. The note was not paid at maturity. Judgment by default final was rendered against defendant, Creech, on said note. No notice of its dishonor by nonpayment at maturity was given by plaintiff to defendants, Broadhurst and Austin. They relied upon the failure of plaintiff to give such notice as a defense to plaintiff's action against them as indorsers. Plaintiff contended that no notice of dishonor was required, for that defendants, although indorsers, were primarily liable on the note. From judgment dismissing the action at close of plaintiff's evidence, as upon nonsuit, plaintiff appealed to the Supreme Court.

*A. B. Andrews for plaintiff.*
*Pou & Pou, J. L. Emanuel for defendant.*

CONNOR, J. There was no evidence that plaintiff notified defendants, or either of them, of the dishonor of the note by nonpayment at maturity within the time prescribed by statute. C. S., 3086. The note was not protested for nonpayment. Each defendant having placed his signature upon the note otherwise than as a maker, and not having indicated by appropriate words an intention to be bound thereon in some capacity other than as an indorser, is deemed to be an indorser, C. S., 3044, and is liable on the note only as an indorser. The general rule prescribed by statute, C. S., 3071, is that when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer or to each indorser, whose liability on the instrument is secondary and not primary; any drawer or indorser to whom such notice is not given is discharged. However notice is not required to be given to indorsers in all cases; for exceptions see

C. S., 3097. It is therein provided that such notice is not required to be given to an indorser "(3) where the instrument was made or accepted for his accommodation."

The burden is upon the holder of a note, seeking to hold liable thereon an indorser, to whom notice of dishonor has not been given, upon the contention that such notice was not required, to prove that the note was made for his accommodation. Parol evidence is not competent to show that the liability of one whose name is written on the back of a note as an indorser is primary, and not secondary, for the purpose of sustaining the contention that notice of dishonor by nonpayment is dispensed with. The liability of one who has indorsed a note, where it is contended that such liability is other than that of an indorser, must be determined by appropriate words contained in the note. C. S., 3044. Where the note does not contain words which indicate an intention on the part of the indorser to be bound thereon otherwise than as an indorser, he is liable as an indorser only. Parol evidence is not competent to show that one who signed his name as an indorser upon a note is liable as an "original promisor" or as surety. *Meyers v. Battle,* 170 N. C., 168.

There are no words in the note offered in evidence by the plaintiff indicating that defendants intended to be bound thereon otherwise than as indorsers. Parol evidence offered by plaintiff to show a contrary intention on the part of defendants was incompetent. No competent evidence having been offered to show that defendants were liable primarily and not secondarily on the note, notice of dishonor, as required by statute, was not dispensed with. As there was no evidence of such notice, the judgment allowing defendant's motion for judgment dismissing the action at the close of plaintiff's evidence as of nonsuit must be

Affirmed.

CLARKSON, J., not sitting.