## STATE v. ARTHUR ORMOND.

### (Filed 7 April, 1937.)

**1. Criminal Law § 78c—**

Where defendant does not move for judgment as of nonsuit as required by C. S., 4643, and fails to request a directed verdict for insufficiency of the evidence, he waives his right to contend on appeal that the evidence was insufficient to sustain a conviction.

**2. Automobiles § 33—**

In a prosecution for manslaughter for reckless driving, it is competent for a witness to testify from his observation as to the skid marks on the concrete leading to defendant's car and as to its position after the accident as tending to show the speed at which the car was traveling at the time.

**3. Criminal Law § 81c—**

An exception to the admission of evidence cannot be sustained when the evidence objected to corroborates the testimony of another witness and its admission is not prejudicial to defendant.

**4. Criminal Law § 53c—**

The instruction in this case that the burden was on the State to prove defendant guilty beyond a reasonable doubt, and that the jury should ascertain the facts from the evidence *is held* sufficiently full in the absence of prayers for special instructions.

**5. Criminal Law § 56—**

A motion in arrest of judgment for that the special term at which defendant was tried was not advertised as required by law goes to the organization of the court and not to the competency of the jury, and is improperly made in the trial court.

APPEAL by defendant from *Williams, J.,* and a jury, at January Special Term, 1937, of PITT. No error.

The defendant was indicted on the following bill of indictment: "The grand jurors for the State upon their oath present: That Arthur Ormond, late of the county of Pitt, on 19 April, A.D. 1936, with force and arms, at and in the county aforesaid, unlawfully, willfully, and feloniously did operate an automobile on the public highway in a reckless and careless manner, and while so doing unlawfully, willfully, and feloniously did in and upon one Bernice Haddock with a certain deadly weapon, to wit: an automobile, kill and slay, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. D. M. Clark, Solicitor."

The defendant entered a plea of not guilty. After hearing the evidence and charge of the court, the jury returned into open court and said for their verdict, "Defendant is guilty." Defendant moved for a new trial and for arrest of judgment. The motion was denied and the defendant excepted and assigned error. Thereupon the court, on 30 January, 1937, entered judgment as follows: That the defendant be confined in the State's Prison for a term of not less than seven years nor more than ten years. It was in evidence that the general reputation of defendant was bad and he had theretofore served a sentence on a whiskey charge, and had committed other offenses.

To the foregoing judgment the defendant excepted, assigned error, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*A. B. Corey and Albion Dunn for defendant.*

CLARKSON, J. In the record it appears that defendant did not make in the court below a motion as in case of nonsuit or to dismiss. N. C. Code, 1935 (Michie), sec. 4643.

In *Jones v. Ins. Co.,* 210 N. C., 559 (561), is the following: "The record discloses that no motion for judgment as in case of nonsuit was lodged 'when the plaintiff introduced his evidence and rested his case,' but was lodged for the first time 'after all the evidence on both sides is (was) in.' The defendant thereby lost his right under C. S., 567, to demur to the evidence. 'The motion (for judgment as in case of nonsuit) cannot primarily come at the close of all the evidence. It must be made initially at the close of plaintiffs' evidence, and, if the motion is refused, there may be an exception and appeal. But if evidence is offered by defendant, the exception is waived. At the end of all the evidence the exception may be renewed, but not then made for the first

time.' *Nowell v. Basnight,* 185 N. C., 142 (147), and cases there cited."

This section serves, and was intended to serve, the same purpose in criminal prosecutions as is accomplished by section 567, in civil actions. *S. v. Fulcher,* 184 N. C., 663 (665). A motion for judgment of nonsuit, under this section, must be made at the close of the State's evidence in order for a motion thereunder made at the close of all the evidence to be considered. *S. v. Norris,* 206 N. C., 191.

Defendant requested no prayer for instruction to the effect that the evidence was not sufficient to be submitted to the jury. From the well settled law in this jurisdiction, the defendant has now waived his right to contend that there was no evidence sufficient to be submitted to the jury on the indictment. The defendant contends that on the trial errors were committed:

(1) The defendant excepted and assigned error (which cannot be sustained) to the following evidence of the witness C. R. Williams: "I made an examination of this homicide. I found a Chevrolet coach on the right-hand side of the road going toward Vanceboro. The car was facing back toward Greenville at an angle. The fence was torn down. The bank is two and a half or three feet high. Q. What marks, if any, did you find on the pavement? Ans.: The brake marks leading to the car started approximately in the middle of the highway." Asked by the court what he meant by brake marks, the witness replied, "Tire marks." It was a concrete pavement.

In 9 Blashfield Automobile Law, at p. 531, we read: "Since the test of control of a motor vehicle is the ability to stop it quickly and easily, scars or marks on the pavement caused by skidding are admissible on the question of speed, when connected up with the defendant's automobile. If such marks show an inability to stop quickly and easily, on an occasion for so doing, the inference is obvious either that the car was running too fast or that a proper effort to control it was not made. Therefore, on the question of speed at the time of the collision, it is proper to consider the skid marks to show the distance an automobile traveled after the accident and before it came to a stop." *Goss v. Williams,* 196 N. C., 213 (219).

(2) The exception and assignment of error made by defendant to Sheriff Whitehurst's evidence cannot be sustained; it was corroborative of Williams' testimony and not prejudicial.

(3) The court below charged the jury: "The case has been argued to you by counsel for the State and defendant. The court will not undertake to repeat all the evidence given by either the State or the defendant, but it is your duty to take into consideration the contentions of both the State and the defendant, whether referred to by the court or not, and which will enable you to reach a verdict which expresses the

truth of this matter, realizing its importance to the State and to the defendant, applying to the facts as you find them to be from the evidence beyond a reasonable doubt the law as laid down to you by the court." To the foregoing portion of his Honor's charge the defendant excepted and assigned error, which cannot be sustained. It is too attenuated and technical.

The court had theretofore charged the jury: "The term, 'beyond a reasonable doubt,' does not mean a vain, imaginary, or fanciful doubt, but is a sane doubt arising from the testimony and supported by common sense and reason. It means the jury must be fully satisfied, or satisfied to a moral certainty, but if after carefully considering, weighing, and comparing all the evidence in the case the jury cannot say it has an abiding conviction of the defendant's guilt, then it has a reasonable doubt, otherwise not. A reasonable doubt is an honest, substantial misgiving, an insufficiency which fails to convince your reason and judgment. It is not a doubt aroused by the ingenuity of counsel. It is a sane doubt arising from the testimony and supported by common sense and reason." Taking the charge as a whole, the jury could readily understand that they were the triers of the facts. If defendant wanted a more specific or detailed charge, he should have requested same by prayer for instruction.

(4) The last and final question submitted by the defendant: "Did the court commit error in refusing to arrest judgment?" This exception and assignment of error cannot be sustained. The matter has been decided to the contrary in *S. v. Boykin, ante,* 407.

For the reasons given, in the trial of the court below we find

No error.