HOME OWNERS' LOAN CORPORATION v. L. S. FORD AND WIFE,
CLARA FORD.

(Filed 3 November, 1937.)

**1. Reformation of Instruments § 7—**

Where defendants contend that the contract as written failed to express
the agreement between the parties, defendants must clearly allege the
facts constituting fraud or mutual mistake relied upon.

**2. Evidence § 39—**

All prior negotiations are merged in the written contract, and ordi-
narily parol or extrinsic evidence is incompetent to contradict, vary,
modify, or add to the written agreement.

**3. Contracts § 8—**

Where the language of a contract is clear and unambiguous, the courts
are bound thereby and the contract must be enforced as written.

**4. Mortgages § 39f—In this action in ejectment by purchaser at foreclos-
ure sale, peremptory instruction in favor of plaintiff held proper.**

The *cestui que trust* bid in the property at the foreclosure sale of the
deed of trust, and brought suit in ejectment against the trustor. The
trustor admitted the execution of the notes and deed of trust and the
record evidence established default in payment. The trustor relied solely
upon alleged agreements with the *cestui* prior to the execution of the
instrument, without alleging fraud or mistake. *Held:* The evidence of
the alleged parol agreements was properly excluded, and the sole issues
presented were the title of plaintiff purchaser and its right to possession,
and whether defendants were in unlawful possession, and plaintiff is
entitled to peremptory instructions under the evidence.

APPEAL by defendants from *Johnston, J.,* and a jury, at May Term,
1937, of CALDWELL. No error.

The complaint alleges that the defendants executed and delivered to
Alan S. O'Neal, trustee (T. C. Abernathy appointed thereafter substi-
tute trustee), a deed of trust on real estate, describing same, duly re-
corded, to secure certain indebtedness due plaintiff by defendants. That
the land was sold on default in the payment of the indebtedness and by
the terms of the deed of trust, on 11 November, 1935, at 12 o'clock m.,
protest being made at the sale by defendants, and purchased by plaintiff,
it being the last and highest bidder. There was no upset bid in the
time allowed by the statute. That the plaintiff is the owner in fee and
defendant is in the wrongful possession of the land and refuses to vacate
same. That plaintiff is entitled to possession of same with the rental
value of $25.00 per month, from 22 November, 1935. The defendants
admit the allegations of indebtedness and the deed of trust to secure
same, deny the allegations of the appointment of substitute trustee and

other allegations, and pray that plaintiff take nothing and defendants be declared the owners, and that the deed of trust be declared null and void, and for further relief as may seem just and proper.

The judgment of the court below is as follows: "This cause coming on for hearing and being heard before his Honor, A. Hall Johnston, and a jury, at the May Term, 1937, Caldwell Superior Court, and the court having submitted two issues, which were answered by the jury as follows: (1) Is the plaintiff the owner and entitled to the possession of the property described in the complaint? Answer: 'Yes.' (2) Are the defendants unlawfully in possession of said property? Answer: 'Yes.' It is, therefore, upon motion of counsel for plaintiff, considered, ordered, adjudged, and decreed that the plaintiff is the lawful owner and entitled to the immediate possession of the following described property, to wit (describing same). It is further ordered, adjudged, and decreed that the defendant surrender and deliver possession of the foregoing described property to the plaintiff forthwith. It is further ordered that the sheriff of Caldwell County be and he is hereby ordered, directed, and empowered to remove the defendants from the above described premises, and to place the plaintiff in possession thereof. It is further ordered, adjudged, and decreed that the defendants be taxed with the cost of this action. This 18 May, 1937.

A. HALL JOHNSTON,<br>*Judge Presiding.*"

The defendants made numerous exceptions and assignments of error as to the exclusion of evidence on the trial, and also excepted and assigned error to the signing of the judgment, and appealed to the Supreme Court.

*Thomas P. Pruitt for plaintiff.*
*L. S. Ford in propria persona for defendants.*

CLARKSON, J. We do not think any of the exceptions and assignments of error made by defendants can be sustained. The undisputed evidence on the record admitted and excluded by the court below was to the effect that the defendants had given a deed of trust to secure certain indebtedness to the Mortgage Service Corporation, on which there was some $3,300 due. It had foreclosed same and defendants were desirous of redeeming their home. They applied to plaintiff (through its state manager, Alan S. O'Neal) to make a loan for the purpose, which was done. The loan was made 11 November, 1935, and duly recorded, in the sum of $3,469.09, with interest at 5 per cent, and the deed of trust provided in part as follows: "It is agreed that the borrower may pay a

sum of $14.46 monthly from date until June, 1936, representing interest only on said debt, at his option, provided all other conditions and covenants of said note and the instruments securing the same are promptly met, and thereafter the monthly payments shall be $32.08 per month, to be applied first to interest on the unpaid balance and the remainder to principal until said debt is paid in full. . . . In the event of default in the payment of any installment for a period of ninety days, the holder of said note may, at its option, declare all the remainder of said debt due and collectible, and any failure to exercise said option shall not .constitute a waiver of the right to exercise the same at any other time," etc.

It also provided for a substitute trustee, which was carried out in conformity with the terms of the deed of trust. The amount loaned was to be paid in plaintiff's bonds, which it was agreed between the parties were to be sold for 80 cents of their par value, and the Mortgage Service Corporation agreed to take the proceeds of the sale of the bonds and cancel its indebtedness and in turn convey the property to defendants, which was done. In the loan of $3,469.09 made by plaintiff there were taxes of $111.45 and insurance of $12.64 due. It was estimated that when the periodical payments, which were to commence in June, 1936, were paid, plaintiff's loan to defendants would be settled in full (both principal and interest) in some twelve years. From the date of the loan, 15 November, 1933, until the trial of this action, May, 1937, nothing has been paid by defendants on the deed of trust securing the indebtedness to plaintiff. The land was sold by the substituted trustee to plaintiff on 11 November, 1935, for $3,610. No upset bid was made. Out of the proceeds plaintiff was paid on its note $3,423.19, taxes due to Caldwell County and city of Lenoir, expense of advertising and incidental expenses, making a total of sale $3,610. This was audited, filed and approved by the clerk on 30 December, 1935.

In the answer of defendants they admit the execution and delivery of the deed of trust securing the indebtedness of $3,469.09, dated 15 November, 1933. The defendants set up no equitable relief that the deed of trust was executed by fraud or mutual mistake, or mistake of one party induced by false representations of the other in signing the instrument. It is well settled law in this jurisdiction that the facts constituting fraud or mutual mistake, etc., must be clearly alleged and proved to set aside a contract. The terms and offer made by Alan S. O'Neal, state manager for plaintiff, as to advancing $200.00 for painting house were never complied with by defendants. The defense of defendants and their evidence were vague and uncertain, and we can see no merit in them. The contract between the parties was in writing, and we are bound by its terms.

The principle of law in this action is well stated in *Potato Co. v. Jenette,* 172 N. C., 1 (3) : "The parties had the legal right to make

their own contract, and if it is clearly expressed, it must be enforced as it is written. We have no power to alter the agreement, but are bound to interpret it according to its plain language. There is no rule of evidence better settled than that prior negotiations and treaties are merged in the written contract of the parties, and the law excludes parol testimony offered to contradict, vary, or add to its terms as expressed in the writing. *Moffitt v. Maness,* 102 N. C., 457."

The exceptions to this rule, which are not applicable in this case, are set forth in the *Jenette case, supra.* The contract was in writing. The rule and exceptions are also set forth in *Insurance Co. v. Morehead,* 209 N. C., 174. No fraud or mutual mistake, etc., are alleged or proved. There were no issues of fact to be submitted to the jury except the ones on which the peremptory charge of the court below was given. Defendants made no exception to the issues, nor did they submit or tender others. The charge of the court below was correct. The defendant L. S. Ford, *in propria persona,* argued this case with persuasive force, which appealed to our sympathy, but the law against his contentions is well settled. It is hard for any one to lose his home, but that is one of the casualties of the life of many, especially in recent deflated times. From the record it appears that plaintiff has been patient in enforcing its claims. The references to this Court made by the defendant on the argument of the case were kind and gracious, but we cannot make contracts—we can only construe them.

On the record we find

No error.