J. P. McABEE, ADMINISTRATOR OF THE ESTATE OF ANNIE MAY McABEE, v. JOHN C. LOVE AND J. P. McABEE, INDIVIDUALLY.

(Filed 11 November, 1953.)

**1. Automobiles § 18g (5)—**

Testimony of a patrolman that he saw tire tracks on the shoulder of the road near the scene of the accident some ten or twelve days after the collision is properly excluded, especially where the evidence further tends to show that no such marks were seen immediately after the collision, since the evidence fails to connect the tire marks with the car in question.

**2. Negligence § 20—**

The trial court, in defining negligence, is not required to use any particular arrangement of words, and the charge will be upheld if it sets forth correctly each essential element of negligence.

**3. Trial § 31d—**

The failure of the trial court to define the term "greater weight of the evidence" will not be held for error in the absence of a request for special instructions.

APPEAL by plaintiff from *Sink, J.,* at May-June Term, 1953, of HENDERSON.

Civil action to recover damages (1) for alleged wrongful death of plaintiff's intestate, Annie May McAbee, allegedly resulting from inju-

ries sustained in a motor vehicle collision, and (2) for alleged pain and suffering of plaintiff's intestate prior to her death.

This action grows out of a motor collision which took place about the hour of 7 o'clock p.m., on 1 February, 1953, between a Chevrolet pickup truck owned and operated by J. P. McAbee, in which his wife, Annie May McAbee, the intestate in whose behalf he, as her administrator brings this action, was a passenger, and a 1941 model Plymouth sedan, owned and operated by defendant, John C. Love, in which his wife and infant were passengers. Both the pickup truck and the sedan were traveling in the same direction on the Dana Highway, a paved highway leading from Hendersonville, N. C., to Dana, N. C., the sedan preceding the truck. The collision occurred on a straight stretch of the highway,—at or just before reaching the point of intersection of the highway with Hill Road. This road connected with the left side of the highway in the direction the truck and sedan were traveling.

Plaintiff alleged in his complaint, and upon trial in Superior Court, offered evidence tending to show that the pickup truck followed the sedan for several hundred feet, and, reaching a point where the visibility on the highway was clear, unobstructed and straight for a distance of some seven or eight hundred feet, proceeded around the sedan, when suddenly, and without warning the sedan was negligently and recklessly driven into the rear and side of the truck causing it to overturn, resulting in serious injury to and death of Mrs. McAbee on 3 February, 1953.

And plaintiff sets forth in detail the respects in which it is contended defendant Love was negligent.

The defendant John C. Love, answering the complaint, denies that the collision was caused by any negligence on his part. And for a further answer, and defense, he avers, and upon trial in Superior Court, offered evidence tending to show that at the time and place of the collision he was operating his sedan in a reasonable, careful and lawful manner, as he approached the intersection of Hill Road with Dana Highway, that as he approached the intersection and at a point a considerable distance before reaching the intersection, he gave an arm and hand signal for the purpose of signaling and indicating a left turn off the Dana Highway onto Hill Road, and continued to make such signal until he reached the intersection, when he drew his hand into the car for the purpose of making a left turn; that after he began to make the left turn, the pickup truck, suddenly and without prior warning, attempted to pass to the left of the sedan, whereupon he, the defendant Love, brought the sedan to a complete stop and, despite his efforts, the right front fender or bumper of the pickup truck ran into and against the bumper or left front wheel of the sedan; and that the pickup truck traveled on some distance further and turned over.

And for a second further defense, and cross action, the defendant Love averred, in substance, that the collision, and consequent injury to and death of plaintiff's intestate, were caused solely and proximately by the negligence of J. P. McAbee, individually, in respects set forth in detail; that if it be adjudicated that he, defendant Love, was negligent, then J. P. McAbee was negligent, and, therefore, is, in law, a joint tort-feasor with defendant Love, and is a necessary and proper party defendant to this action, and should be made such party, and required to contribute to any award of damages to plaintiff, to the end that any and all controversies existing between the parties be fully determined in one action and as provided by G.S. 1-240.

A third further answer and defense set up by defendant Love is not pertinent to this appeal, and need not be stated.

Whereupon defendant Love prays judgment, among other things,

(1) That plaintiff take nothing by this action, etc.,

(2) That J. B. McAbee be made a party defendant as a joint tort-feasor, etc.

Thereupon J. P. McAbee, after service of notice of motion therefor, voluntarily came into court and agreed to become a party to the action, and answering (1) the complaint, admitted all allegations, and (2) the further answers and defenses of defendant Love, denied in material aspect all averments, and prayed that defendant Love take nothing by his cross action and that his further defense be denied, and that he, McAbee, as an individual, recover his costs, etc.

Upon the trial in Superior Court, both plaintiff and defendants offered testimony bearing upon, and tending to support their respective versions —as to how and what caused the collision aforesaid, and the case was submitted to the jury upon these issues, which the jury answered, as indicated:

"1. Was the death of plaintiff's intestate, Annie May McAbee, caused by the negligence of the defendant, John C. Love, as alleged in the complaint? Answer: No.

"2. Was the death of plaintiff's intestate, Annie May McAbee, caused by the negligence of J. P. McAbee, as alleged in the Answer of John C. Love? Answer: Yes.

"3. What amount, if any, is the plaintiff entitled to recover of the defendant or defendants by reason of the death of Annie May McAbee? Answer: None.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant or defendants by reason of pain and suffering of Annie May McAbee because of the injuries sustained by her, as alleged in the complaint? Answer: None."

Thereupon, upon motion of defendant John C. Love it was ordered and adjudged (1) that plaintiff have and recover nothing of him, and that the action as to him be dismissed, (2) that plaintiff have and recover nothing of J. P. McAbee, and that the action as to him be dismissed, and (3) that plaintiff McAbee, Administrator, be taxed with the costs herein incurred.

Plaintiff and defendant, J. P. McAbee, each for himself excepts thereto, and appeals to Supreme Court and assigns error.

*Arthur J. Redden, Monroe M. Redden, and Monroe M. Redden, Jr., for plaintiff, appellant.*

*Harkins, Van Winkle, Walton & Buck for defendant, appellee.*

WINBORNE, J. Appellants present their assignments of error in three groups, and they will now be so treated.

I. Exception is taken to the exclusion of testimony of a highway patrolman, that he observed tire marks on the shoulder of Dana Road east of Hill Road ten or twelve days or more after the accident.

In this connection, commenting on the subject of footprints and other tangible clues, Stansbury in his work on North Carolina Evidence, Sec. 85, says: "Tangible traces of various sorts may indicate the presence of a person or the happening of an event of a certain character at a particular place, and evidence of them is therefore admissible if the inference sought to be drawn is a reasonable one . . . and the circumstances of an automobile accident may be inferred from . . . the direction and appearance of tire marks."

And in *S. v. Ormond,* 211 N.C. 437, 191 S.E. 22, it would seem that the admissibility depends upon whether the marks be connected with the automobile.

Also in *S. v. Palmer,* 230 N.C. 205, 52 S.E. 2d 908, in opinion by *Ervin, J.,* it is said: "In the nature of things, evidence of shoe prints has no legitimate or logical tendency to identify an accused as the perpetrator of a crime unless the attendant circumstances support this triple inference: (1) That the shoe prints were found at or near the place of the crime; (2) that the shoe prints were made at the time of the crime; and (3) that the shoe prints correspond to shoes worn by the accused at the time of the crime" . . . citing numerous cases. And it is further declared that "Similar criteria apply to evidence of automobile tracks offered to identify the owner of a motor vehicle as the perpetrator of an offense," citing among others *S. v. Young,* 187 N.C. 698, 122 S.E. 667.

Testing the testimony under consideration by these rules, it does not seem that the requirements are met. The witness had testified that on the night of the collision he did not see any tire marks east of Hill Road;

that he saw some at a later date; but that he did not know what made them. Hence, prejudicial error is not made to appear.

II. Assignments of error numbers 3 and 5 are based upon exceptions of like numbers taken to portions of the charge defining the word "negligence." As to these, it is pertinent to note here that the reports of this Court are full of instances in which the definition of "negligence," as variously stated by trial judges, has been challenged, and under scrutiny. And while the basic elements constituting the definition are standardized, it does not appear that any particular arrangement of words is required to define what is negligence. It seems sufficient if the essential elements are stated. See *S. v. Lee,* 237 N.C. 263, 74 S.E. 2d 654.

Now testing the definitions here questioned, it cannot be said that they are not sufficient to convey to the jury the meaning of the term.

III. Assignment of error number 6 predicated upon exception number 7, is that the trial court erred because it failed to explain to the jury the meaning of the term "greater weight of the evidence." As to this, appellants, in their brief, concede that this Court has held that the failure of the court to define this term is a subordinate feature for which no relief will be given in the absence of a special request therefor—citing particularly the cases of *Wilson v. Casualty Co.,* 210 N.C. 585, 188 S.E. 102, and *Arnold v. Trust Co.,* 218 N.C. 433, 11 S.E. 2d 307. It is also conceded by appellants that no such special request was made. Moreover, no sufficient reason is advanced to merit a change in the recognized rule.

Other assignments of error appear to have been abandoned, or are formal, and need no discussion.

Finally, the record discloses that the case was clearly presented to the jury, and its verdict must stand.

No error.