MRS. ANNA D. WATSON v. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED.

(Filed 31 October, 1956.)

1. **Appeal and Error § 19—**

An assignment of error not supported by exception is ineffectual and presents no question of law for the Supreme Court.

2. **Appeal and Error § 38—**

Assignments of error not set out and supported by reason or argument in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

JOHNSON, J., not sitting.

APPEAL by defendant from *Phillips, J.,* 13 February, 1956, Term, of FORSYTH.

Civil action to recover on $4,000.00 policy issued by defendant, insuring plaintiff from loss by fire in respect of household and personal

property located in designated dwelling occupied by her as tenant. The fire occurred 6 October, 1954.

The court submitted and the jury answered the following issues: "1. Did the defendant issue its fire insurance policy number 916132, dated May 3, 1954, in favor of the plaintiff, Mrs. Anna D. Watson, in the sum of $4,000.00, as alleged in the complaint? ANSWER: Yes. 2. If so, was said policy in full force and effect on the date of the fire alleged in the complaint, to wit, on the 6th day of October, 1954? ANSWER: Yes. 3. Did the plaintiff breach the terms and conditions of the policy by failing and neglecting to use all reasonable means to save and preserve the property at and after the loss? ANSWER: No. 4. Did the plaintiff void the policy by the misrepresentation of a material fact as to the interest of the insured in the items covered by the policy? ANSWER: No. 5. Did the plaintiff increase the hazard of the fire occurring by any means within her knowledge or control? ANSWER: No. 6. What amount, if any, is the plaintiff entitled to recover of the defendant? ANSWER: $4,000.00."

The first and second issues were answered, "Yes," by consent. The third, fourth and fifth issues indicate the new matters alleged by defendant in bar of plaintiff's right to recover. The sixth issue related to *the amount* of plaintiff's loss.

Judgment, in accordance with the verdict, was entered for plaintiff. Defendant excepted and appealed, assigning errors.

*W. Reade Johnson and Frank C. Ausband for plaintiff, appellee.*
*Hayes & Wilson for defendant, appellant.*

PER CURIAM. No exception to the charge as given or to the court's failure to charge appears in the case on appeal. Hence, there is no basis for assignments of error #7-#17, both inclusive; and they present no question of law to this Court for decision. *Tynes v. Davis, ante,* 528, 94 S.E. 2d 496, and cases cited. Moreover, there is no exception in the case on appeal on which to base assignments of error #3 and #4.

Appellant must set forth in his case on appeal his exceptions and thereby give notice to appellee of the specific matters upon which his assignments of error will be based. Whether the case on appeal is challenged by appellee may turn upon what exceptions appear therein. See, *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322; *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602.

Assignments of error directed to the denial of appellant's motions for judgment of nonsuit are overruled. Indeed, they are deemed abandoned; for no reason or argument is stated and no authority is cited in appellant's brief in support thereof. Rule 28, Rules of Practice in

the Supreme Court, 221 N.C. 544, 563; *Hatcher v. Clayton*, 242 N.C. 450, 88 S.E. 2d 104.

The remaining assignments disclose no error of law deemed sufficiently prejudicial to warrant a new trial. Indeed, were we to consider the said *unsupported* assignments of error it appears that the ensuing result would be the same.

No error.

JOHNSON, J., not sitting.