ELSIE SWANN v. MARGARET SWANN--DEFENDANT, AND, WILLIAM PINK BIGELOW, ADDITIONAL DEFENDANT, BY ORDER OF THE COURT.

(Filed 12 December, 1956.)

APPEAL by (additional) defendant Bigelow from *Fountain, J.,* 9 July, 1956, Special Term, of CASWELL.

Plaintiff's action was to recover damages from Margaret Swann, original defendant, on account of her alleged negligence.

After answering the complaint, the original defendant alleged that the negligence of Bigelow caused or contributed to plaintiff's injuries; and that, if adjudged liable to plaintiff, she was entitled to enforce

contribution from Bigelow. Upon her motion, Bigelow was joined as a party defendant (G.S. 1-240) so that the original defendant's alleged right to contribution might be determined in this action.

Plaintiff's injuries were caused by an automobile collision between the Swann car, owned and operated by the original defendant, and the Bigelow car, owned and operated by the additional defendant. Plaintiff, a sister of the original defendant, was riding as a passenger in the Swann car.

The collision occurred 5 June, 1954, in Caswell County, on the portion of Highway #119 leading from Hightowers towards Baynes' Store. Both cars were proceeding south, the Bigelow car in front of the Swann car. Bigelow was on his way to Sweet Gum Church, located on his left side of the highway; and the collision occurred near the entrance to the church grounds. Approximately at the same time, the original defendant overtook and attempted to pass the Bigelow car and the additional defendant began his left turn towards the said entrance to the church grounds. The cars collided, the right of the Swann car with the left of the Bigelow car. Locked together, they went forward a short distance (bearing to the left) and stopped when the Swann car struck a large tree.

Three issues were submitted to and answered by the jury, viz.:

"1. Was the plaintiff Elsie Swann injured by the negligence of Margaret Swann as alleged in the complaint? Answer: Yes. 2. If so, was the plaintiff Elsie Swann injured by the negligence of William Pink Bigelow as alleged in the cross-action? Answer: Yes. 3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $15,000.00."

Thereupon, plaintiff was awarded judgment against Margaret Swann, original defendant, for $15,000.00 and costs; and it was further adjudged that said original defendant have and recover contribution from Bigelow, the additional defendant, as provided in G.S. 1-240.

Bigelow, the additional defendant, excepted to said judgment and appealed, assigning as errors rulings of the court during the progress of the trial.

*D. Emerson Scarborough for defendant William Pink Bigelow, appellant.*

*John W. Hardy and Sharp & Robinson for defendant Margaret Swann, appellee.*

PER CURIAM. There was evidence sufficient to support the jury's answer to each of the issues submitted. Hence, the motions for judgment of nonsuit were properly overruled.

The charge of the trial court was not included in the record on appeal and is presumed to be correct. *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104.

Each of appellant's assignments of error has been carefully considered. None shows prejudicial error or requires particular discussion. Hence, the verdict and judgment will not be disturbed.

No error.