BANK OF VARINA v. W. M. SLAUGHTER AND WIFE, NELL V. SLAUGHTER, JAMES C. SLAUGHTER AND WIFE, LUCY L. SLAUGHTER, AND WILLIAM B. OLIVER, TRUSTEE.

(Filed 20 May, 1959.)

**1. Contracts § 1—**

A contract is an agreement between two or more parties on sufficient consideration to do or refrain from doing a particular act.

**2. Contracts § 26:　Evidence § 27—**

Where the terms of a contract are established, prior negotiations are merged therein, and evidence of the negotiations is incompetent to enlarge or restrict its provisions.

**3. Bills and Notes § 17—**

Where a note and deed of trust contain an express promise by the makers to pay the sums loaned by the bank not in excess of a stipulated amount, the makers, in an action on the note for the amount loaned, may not defend on the ground that in prior negotiations it was agreed that they and their property should be liable for only that portion of the money borrowed by them individually, and that the corporation, which they controlled, would alone be liable for any credit extended on its behalf, since such agreement is in direct conflict with the writings.

**4. Trial § 31d—**

Objection that the court's definition and explanation of the "greater weight of the evidence" was not as full and complete as defendants desired will not be sustained in the absence of a request for special instructions.

**5. Appeal and Error § 24—**

Objection that the court did not fully state the contentions of appellants will not be considered on appeal when the objection was not brought to the trial court's attention in apt time.

APPEAL by W. M. Slaughter and Nell V. Slaughter from *Clark, J.,* October 1959 Regular Civil Term of WAKE.

Plaintiff seeks to recover $17,070.66, the balance asserted to be owing on a note for $25,000 given it on 26 January 1954 by W. M. Slaughter, Nell V. Slaughter, and Tri-County Farm Center, Inc., hereafter shortened to Farm Center; and to foreclose a deed of trust to William B. Oliver securing payment of the note. Execution of the note and deed of trust is stipulated.

Liability was asserted against James C. Slaughter and wife by virtue of language in a deed to them for the mortgaged property. The court held they were not liable for the debt. They are no longer interested in the controversy. It is convenient therefore to refer to W. M. Slaughter and Nell V. Slaughter as defendants.

The parties stipulate six payments have been made on the note. Two of these payments were made by defendants, the remaining four by or for Farm Center. When the total payments are deducted from the face of the note there is a balance owing as claimed by plaintiff.

Farm Center was a corporation owned and controlled by defendants and Win Donat. When the note and deed of trust were executed, defendants acquired Donat's stock so that they might, in the language of the deed of trust, "operate in its regular course of business the Tri-County Farm Center, Inc."

Farm Center was adjudged a bankrupt about four months after defendants acquired sole stock ownership and control. Plaintiff filed a claim with the trustee in bankruptcy. It received a dividend which was applied as one of the credits on the note.

Defendants for their defense allege an agreement by the bank to lend them the money to acquire stock ownership and control of Farm Center and to extend to it a line of credit in the sum of $25,000. By this agreement defendants and their property would be liable only for monies loaned them; Farm Center would alone be liable for any credit extended to it. They admitted they had borrowed $10,239.86 on which they had made two payments as shown on the note, leaving, according to their contention, a balance owing of $3,318.11, which they tendered as a full discharge.

They did not assert fraud or mistake in the note or deed of trust which they admit executing. They do not seek to reform.

Arlee C. Holleman, assistant cashier and note teller for plaintiff, testified W. M. Slaughter brought the note and deed of trust to the bank. Witness made out a deposit slip showing how the proceeds of the loan were applied. Copy of this deposit slip was given to W. M. Slaughter. The witness testified five items were deducted from the $25,000; four of these aggregating $21,798.89 were in payment of loans previously made by plaintiff to defendants for monies they had borrowed for use by Farm Center; the fifth item was interest accrued. This left a balance of $3,073.53, which was, by direction of defendants, credited to the account of Farm Center.

As determinative of the controversy the court submitted without objection this issue: In what amount, if any, are defendants W. M. Slaughter and Nell V. Slaughter indebted to plaintiff? The jury answered as contended by plaintiff. Judgment was entered in conformity with the verdict, and defendants appealed.

*Thomas A. Banks for plaintiff, appellee.*
*Allen Langston for defendant, appellants.*

RODMAN, J. Defendants complain of rulings excluding a conversation between W. M. Slaughter and his wife, Nell V. Slaughter, made prior to the execution of the note and not communicated to plaintiff. No reason is advanced which would establish the competency of this testimony.

Defendants also assign as error the refusal of the court to permit W. M. Slaughter to testify with respect to negotiations with the bank president which culminated in the execution of the note and deed of trust.

"A contract is an agreement between two or more persons or parties on sufficient consideration to do or refrain from doing a particular act." *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E. 2d 322.

When the terms of a contract are established, the negotiations which produced the contract cannot enlarge or restrict its provisions and are therefore not competent as evidence in an action to enforce it. *Bost v. Bost,* 234 N.C. 554, 67 S.E. 2d 745; *Williams v. McLean,* 220 N.C. 504, 17 S.E. 2d 644; *Home Owners' Loan Corp. v. Ford,* 212 N.C. 324, 193 S.E. 279.

The note and deed of trust constituting the contract were in writing. They contained an express promise to pay such sums as the bank loaned not in excess of $25,000. This promise could not be contradicted or destroyed by parol testimony that the makers would not be called upon to pay monies loaned pursuant to the contract. The

very purpose of reducing it to writing was to avoid any controversy as to the terms of the contract. *Neal v. Marrone,* 239 N.C. 73, 79 S.E. 2d 239; *McLawhon v. Briley,* 234 N.C. 394, 67 S.E. 2d 285; *Busbee v. Creech,* 192 N.C. 499, 135 S.E. 326; *De Loache v. De Loache,* 189 N.C. 394, 127 S.E. 419; *Rousseau v. Call,* 169 N.C. 173, 85 S.E. 414.

The court, after reviewing the evidence and contentions of the parties, charged the jury that the burden of proof rested on plaintiff to establish by the greater weight of the evidence the sums loaned directly to defendants and the amount deposited to the credit of Farm Center at the direction of defendants, and if the plaintiff had failed to establish the full amount of its claim to answer the issue in the amount admitted by defendants to be owing. The charge was not prejudicial to defendants; it was more favorable than they were entitled to.

If the court's definition and explanation of "greater weight of the evidence" was not as full and complete as defendants thought necessary, they should have requested an instruction containing the desired definition and illustration. *McAbee v. Love,* 238 N.C. 560, 78 S.E. 2d 405.

Likewise, if at the trial they thought, as they here contend, the court had not fully stated their contentions, they should have responded to the request made by the judge just before his final instruction. The court said: "Now, if there are any other instructions that counsel for either side request the Court to make I would like to have the request at this time."

The record shows: "No response from counsel." It is now too late to complain. *In re Will of Crawford,* 246 N.C. 322, 98 S.E. 2d 29; Strong, N. C. Index, Vol. 1, p. 101, n. 289.

No Error.