JACK HOWARD v. CURTIS W. WOOD AND GLENDA WOOD.

(Filed 16 December, 1964.)

**Automobiles § 39—**

Where there is testimony of witnesses that immediately before the accident they heard tires "squealing" and evidence further tending to relate skid marks on the road to plaintiff's motorcycle, testimony of an officer as to where the skid marks began and stopped is competent, it being for the jury to determine whether the marks were made by defendant's vehicle.

APPEAL by plaintiff from *Phillips, E. J.*, April 13, 1964, Special Civil Session of GUILFORD (High Point Division).

Plaintiff sues to recover damages suffered by him because of the alleged negligence of defendant, Glenda Wood, in the operation of a family purpose automobile owned by her father and codefendant, Curtis W. Wood. Defendants plead contributory negligence.

The accident occurred on the morning of 3 August 1963 in the City of High Point where Hodgin Street (servient) makes a "T" intersection with English Road (dominant). The Wood automobile proceeded south on Hodgin, stopped at the intersection, and was in the act of making a left turn into English Road. Plaintiff was operating his motorcycle west on English Road and, in attempting to pass to the rear of the Wood automobile, lost control and was thrown from the motorcycle and injured. There is conflicting evidence as to whether the motorcycle came in contact in any way with the rear of the automobile.

The jury found defendants negligent and plaintiff contributorily negligent. Accordingly, judgment was entered denying recovery. Plaintiff appeals.

*Silas B. Casey and Haworth, Riggs, Kuhn & Haworth for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter and Richmond G. Bernhardt, Jr., for defendants.*

PER CURIAM. All assignments of error relate to evidence of a skid mark.

Over the objection of plaintiff, the investigating officer, who arrived at the scene shortly after the accident, was permitted to testify that there was a skid mark in the north lane of English Road, ending about the center of the intersection and extending back to the east 132 feet; it "went toward the shoulder of the road and back to a point just about midways of the intersection of Hodgin Street." The motorcycle was found 20 to 25 feet west of the intersection. When objection was inter-

posed the Judge said: "He may tell anything that he saw there. It is a question for the jury as to what vehicle, if any, made them. He may tell where they began and where they stopped." Upon a later objection the judge stated: "It is a question for the jury to say whether or not your client made them. . . . He can describe any he saw there."

Plaintiff had testified: ". . . when I applied my brakes it skid me to this side of the road (pointing to a chart) sideways . . . the front wheel is sliding sideways and the other wheel would be forward. That is what is called sliding sideways. . . . My motorcycle was in a straight line." Plaintiff said he saw no skid marks and none were there a few days later when he returned from the hospital. Plaintiff's witness, Coe, who was near the scene at the time of the accident, had testified: "I heard a skid, something like a skidding motorcycle . . ., something like a car skidding . . ." The occupants of the Wood automobile and a by-stander, all testifying for defendants, stated they heard tires "squealing," "squalling." Plaintiff testified he went on the shoulder at one point; the officer testified the mark veered toward the shoulder and then back toward the center.

The testimony was admissible. The evidence was sufficiently related to the operation of the motorcycle to permit the jury to find that the mark was made by the motorcycle. Furthermore, the evidence corroborates the testimony of witnesses. *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104. A witness who investigates an accident may describe to the jury the signs, marks and condition found at the scene. *Shaw v. Sylvester,* 253 N.C. 176, 116 S.E. 2d 351. The judge was correct in stating that it was for the jury to determine whether the mark was made by the motorcycle. *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828. The witness could not be permitted to draw conclusions. If plaintiff desired special instructions with reference to the legal effect of this evidence, he should have made proper request therefor in apt time.

No error.